[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 92.]

OFFICE OF DISCIPLINARY COUNSEL *v*. MESTEMAKER.

[Cite as *Disciplinary Counsel v. Mestemaker*, 1997-Ohio-240.]

*Attorneys at law—Judges—Misconduct—Public reprimand—Making derogatory remarks related to a litigant's national origin—Ordering marriage as a condition of probation—Displaying lack of judicial temperament in domestic violence cases.*

(No. 96-2376—Submitted December 11, 1996—Decided April 2, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-93.

_____

{¶ 1} On November 24, 1995, the Office of Disciplinary Counsel, relator, charged Judge Albert J. Mestemaker of Cincinnati, Ohio, Attorney Registration No. 0022780 ("respondent"), in eight counts with, *inter alia*, violating three Canons of the Code of Judicial Conduct and one Disciplinary Rule of the Code of Professional Responsibility. After the respondent filed an answer, the parties entered into a stipulation and waived a hearing before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that, as stipulated, in one case in which he served as judge in the Hamilton County Municipal Court in 1995, respondent made derogatory remarks related to a litigant's national origin. In three other cases in 1995, respondent ordered marriage as a condition of probation, and in presiding over three domestic violence cases in 1995, and one in 1992, he displayed a lack of judicial temperament. The panel concluded that respondent had violated Canons 1 (a judge shall uphold the integrity and independence of the judiciary), 2(A) (a judge should respect and comply with the law and conduct himself at all times to promote public confidence in the integrity and impartiality of the judiciary), and 3(A)(3) (a

judge should be patient, dignified and courteous to litigants and others with whom he deals in his official capacity), and DR 1-102(A)(5) (conduct prejudicial to the administration of justice).

{¶ 3} The panel noted that respondent, as a candidate for reelection in November 1995, was defeated and is now no longer a judge. The panel recognized that respondent had a long and distinguished career as a member of the armed services and as a public servant, and was an author of legal treatises. In addition, the panel noted that respondent had had coronary bypass surgery and had a recent history of being sick and fatigued.

{¶ 4} In response to a subpoena, the panel received letters from fourteen retired and active judges serving in various levels of courts in Ohio testifying to respondent's good character, integrity, and work ethic. The panel also received eighty-six letters from prosecuting attorneys, defense attorneys, and other trial lawyers attesting to respondent's legal acumen, fairness, and judicial demeanor, as well as numerous letters attesting to respondent's good character, community activities, and trustworthiness from court employees, business persons, litigants, and from respondent's pastor and a person who served with respondent in the armed forces.

{¶ 5} Based upon the stipulations and the evidence in mitigation, the panel recommended that the respondent be publicly reprimanded. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Geoffrey Stern,* Disciplinary Counsel*,* and *Alvin E. Matthews*, Assistant Disciplinary Counsel, for relator.

*H. Fred Hoefle,* for respondent.

_____

*Per Curiam*.

{¶ 6} Respondent has agreed that in the instances cited his actions violated those Canons of judicial ethics which call upon every judge to observe high standards of conduct both to preserve the integrity of the judiciary and to promote public confidence in the judicial system. Respondent has also acknowledged that his actions violated both the Canon which requires that a judge be patient, dignified, and courteous to litigants and others with whom he deals with in his judicial capacity and the Disciplinary Rule which prohibits lawyers from engaging in conduct prejudicial to the administration of justice.

{¶ 7} The charges against respondent involve disappointing lapses of conduct and decorum in an otherwise distinguished judicial career spanning fifteen years, during which respondent received six Superior Judicial Service Awards and was active in civic and educational programs. We take particular note that in 1995 respondent handled an ever-growing domestic violence caseload during a time of increasing physical stress and fatigue which resulted in coronary artery bypass surgery in early 1996. In short, we are sympathetic to respondent's situation. Nevertheless, we cannot disregard respondent's conduct.

{¶ 8} Respondent is no longer a member of the judiciary. The appropriate sanction, therefore, is a public reprimand, and respondent is so reprimanded. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK and LUNDBERG STRATTON, JJ., dissent.

_____

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 9} The majority opinion seems to imply that since the respondent judge was defeated in his last election and is no longer on the bench, a public reprimand is in order. I disagree. Not only did the voters indicate their displeasure with the

respondent by not reelecting him, but we should not countenance such behavior with a public reprimand.  The conduct in this case was a serious violation of the Code of Judicial Conduct and involved eight separate counts.  An example of the conduct and behavior of the respondent can be best described in the following discussion he had with a domestic violence victim who was a woman of Hispanic descent and a naturalized American citizen:

"THE COURT:  Are you the same lady on the present case pending where he is locked up now?  He has a felony.  And how many times have you had him arrested?

"MS. ELLERY:  About three times.

"THE COURT:  Do you think you folks are done?  You cost the taxpayers $10,000.  When will it stop?  Where are you from?

"MS. ELLERY:  El Paso, Texas.

"THE COURT:  Ever think about going home?

"MS. ELLERY:  I got kids here.

"THE COURT:  Why is America being punished?  Did we do something to you folks?  We have to pay for all your crimes.  Did we do something wrong?  Could we get foreign aid from your native land for you being here?  Now he has a felony.  Who is his felony attorney?  I know the taxpayers are paying for him.  Did we do something to your country?  Did they send you here to get even with us for something?  Montezuma's revenge."

{¶ 10} While I empathize with Judge Mestemaker's physical condition, it cannot and should not excuse his egregious conduct.  From the foregoing discussion it is apparent that the respondent was not in the appropriate mental condition to be on the bench.  He could have taken a paid medical leave from his judicial responsibilities until he was both mentally and physically fit to resume those duties.

{¶ 11} Judges are held to a much higher standard of conduct than other individuals.  This is as it should be, since judges sit in judgment.  Canon 1 of the

4

Code of Judicial Conduct provides:

"* * * A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved."

{¶ 12} In addition, Canon 2(A) states:

"A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

{¶ 13} Finally, Canon 3(A)(3) states:

"A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deals in his official capacity * * *."

{¶ 14} From a cursory reading of the foregoing Canons it is clear that Judge Mestemaker's conduct violated each of them. Additionally, the respondent ordered marriage as a condition of probation for criminal defendants sentenced in the Hamilton County Municipal Court in at least three other cases involving domestic violence. Again, these instances indicate that the respondent violated the foregoing Canons. Such conduct warrants a period of actual suspension. I would enter a one-year suspension from the practice of law.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

————————————