704 So.2d 89 (1997)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Brenda M. FRANKLIN.
No. 97-CC-00193-SCT.
Supreme Court of Mississippi.
October 9, 1997.
*90 Luther T. Brantley, III, Jackson, for petitioner.
David G. Hill, Hill White & Minyard, Oxford, for respondent.
En Banc.
PITTMAN, Justice, for the Court:
¶ 1. On February 20, 1997, the Mississippi Commission on Judicial Performance (Commission), pursuant to Section 177A of the Mississippi Constitution of 1890, as amended, filed with this Court its findings and recommendations that the Respondent, Brenda M. Franklin, Justice Court Judge for the Northern District of Marshall County, Mississippi, be publicly reprimanded, fined $1,500 and assessed the costs of this proceeding. The Commission and Franklin have filed a Joint Motion for Approval of Recommendations filed by Mississippi Commission on Judicial Performance.

STATEMENT OF THE CASE
¶ 2. The Commission, on December 5, 1995, filed a Formal Complaint charging the Respondent with judicial misconduct constituting a violation of Section 177A, Mississippi Constitution of 1890, as amended. On March 6, 1996, Franklin filed an Answer to the Formal Complaint.
¶ 3. An Agreed Statement of Facts and Proposed Recommendation was filed by *91 Counsel for the Commission and counsel for Franklin on January 13, 1997.
¶ 4. Brenda M. Franklin is the duly elected Justice Court Judge for the Northern District, Marshall County, Mississippi.

FINDINGS OF FACT
¶ 5. Based upon the evidence presented in the pleadings and the Agreed Statement of Facts as filed in this cause, the Court finds the following by clear and convincing evidence:
(1) That Ralph McKinnon, II, was involved in a personal relationship with Franklin's friend and distant relative, Ida M. "Sue" Hardin. On August 26, 1995, McKinnon learned that he had contracted chlamydia, for which he blamed Ms. Hardin. He confronted Ms. Hardin with this fact and an animated discussion took place during which Ms. Hardin accused McKinnon of taking money from her. At approximately 7:30 a.m. on August 27, 1995, Franklin called McKinnon and discussed the situation between McKinnon and Ms. Hardin. On August 28, 1996, Ms. Hardin filed petit larceny and simple assault charges against McKinnon; on August 28, 1996, Franklin, without reviewing the affidavits and without recognizing McKinnon's name, issued warrants for McKinnon based upon Ms. Hardin's charges. Franklin took no further action in the matter.
(2) That Franklin owns a white 1990 Lexus 250 automobile; it is registered in her name. The license tag for the vehicle expired April 1995; Franklin did not purchase a new tag for this car until February 1996. The Respondent's husband, Ricky L. Franklin, owns a black and silver 1979 Chevrolet Caprice; it is registered in his name. At all times relevant to this complaint, the 1979 Chevrolet Caprice has had a valid license tag, Marshall County tag No. NFN 166. During the period of time from late July 1995 through October 1995, Franklin's automobile appeared in her driveway with the tag from her husband's car on it and on at least two occasions Franklin's car appeared at her husband's place of employment, Merrie Oldsmobile in Collierville, Tennessee, with the tag from her husband's car on it. There is no evidence to establish that Franklin operated the vehicle with the switched tag or that she knowingly allowed it to be so operated.
(3) Brenda Franklin and her husband, Ricky L. Franklin, Sr., maintained a joint checking account at the Mt. Pleasant Branch of First State Bank, Account No. XX-XXXXX-X. On June 26, 1995, the Respondent wrote Check No. 181 on this account to Jitney Jungle No. 110 in Holly Springs, Mississippi, in the amount of $63.70; the check was returned for insufficient funds. On July 25, 1995, Jitney Jungle No. 110 sent a letter by certified mail to the Respondent Franklin at her address as listed on the check, Route 2, Box 234A3, Holly Springs, Mississippi 38635. The letter was returned August 10, 1995, and stamped unclaimed. The check was turned over to the Bad Check Unit of the Office of the District Attorney for the Third Circuit Court District and on August 28, 1995, the D.A.'s Office sent Brenda Franklin a letter advising her that a warrant for her arrest had been issued. On October 17, 1995, the Respondent Franklin paid the D.A.'s Bad Check Unit $119.00, which represented the amount of the check and costs.
(4) Franklin was a candidate for re-election in the Democratic primary and general election in 1995; she was reelected. Franklin failed to file with the Circuit Clerk of Marshall County, Mississippi, the reports of contributions or expenditures as required by Mississippi Code Annotated, Sections 23-15-801 through 815.
(5) It is further agreed by the parties that in Mississippi Comm'n on Judicial Performance v. Franklin, 630 So.2d 995 (Miss. 1994), the Respondent was publicly reprimanded and fined $300 for using her judicial office in a matter involving her brother and nephew and was publicly reprimanded for operating a motor vehicle with an expired tag and causing an employee of the Marshall County Justice Court to sign the signature of her husband to an affidavit which stated the car had not been operated and which was presented to the Marshall County Tax Collector in order to purchase a tag.
¶ 6. The Commission found that Franklin (1) became involved in a dispute between Ralph McKinnon and Ida M. "Sue" Hardin; *92 (2) had a switched tag on her car (although there is no evidence that the Respondent had knowledge of this); (3) wrote an insufficient funds check; (4) and failed to file reports of campaign contributions or expenditures as required by law.
¶ 7. The Commission found that Franklin's conduct violated Canons 1, 2A, 2B, 3A(l), 3A(4), 3C(l)(a) and 7 of the Code of Judicial Conduct of Mississippi Judges.
¶ 8. The Commission recommended to the Mississippi Supreme Court that the Respondent be publicly reprimanded and fined $1,500, which represents the total amount of fines and costs Franklin assessed without authority. The Commission also recommended that costs be assessed to Franklin.

FRANKLIN'S CONDUCT CONSTITUTES WILLFUL MISCONDUCT IN OFFICE AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION.
¶ 9. Franklin engaged in a variety of irregularities and improprieties both on and off the bench. Franklin's conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Section 177A of the Mississippi Constitution of 1890, as amended, as defined by the Mississippi Supreme Court. As the Court held in In re Quick, 553 So.2d 522, 524-525 (Miss. 1989):
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith ...
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. In re Anderson, 412 So.2d 743, 745 (Miss. 1982) (quoting In re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255 (1977) (emphasis in original)); see also In re Garner, 466 So.2d 884, 885 (Miss. 1985); In re Stewart, 490 So.2d 882, 884 (Miss. 1986); In re Collins, 524 So.2d 553 (Miss. 1987). Moreover, this Court can generally recognize examples of such conduct when presented before the Court. Anderson, 412 So.2d at 752 (Hawkins, J., specially concurring).
¶ 10. Franklin's conduct is also conduct prejudicial to the administration of justice which brings the judicial office into disrepute. The Respondent violated Canons 1, 2 and 3 of the Code of Judicial Conduct of Mississippi Judges. As the Court stated in In re [William] Anderson, 451 So.2d 232, 234 (Miss. 1984):
While the conduct of respondent, in our opinion, amounted to willful misconduct in office prejudicial to the administration of justice, bringing the judicial office into disrepute, we recognize as quoted in In re Anderson, supra, that a judge may also, through negligence or ignorance, not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions.
The Court in In re Quick, supra, 553 So.2d at 527, relying upon essentially this same language, found that misconduct does not have to be imbedded in any form of bad behavior. Negligence, ignorance and incompetence are sufficient for a judge to behave in a manner prejudicial to the administration of justice which brings the judicial office into disrepute. See also, In re Bailey, 541 So.2d *93 1036 (Miss. 1989); In re Baker, 535 So.2d 47 (Miss. 1988); In re Collins, 524 So.2d 553 (Miss. 1987); In re Stewart, 490 So.2d 882 (Miss. 1986); In re Garner, 466 So.2d 884 (Miss. 1985); and In re [Lloyd] Anderson, 412 So.2d 743 (Miss. 1982).
¶ 11. When the total course of conduct by Franklin is considered, it is clear the Commission findings are correct, and that her conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute.

THE RESPONDENT SHOULD BE PUBLICLY REPRIMANDED, FINED, AND SUSPENDED PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION.
¶ 12. Section 177A of the Mississippi Constitution of 1890, as amended, provides that upon recommendation of the Commission, a judge may be removed, suspended, fined, publicly censured or publicly reprimanded by the Supreme Court. The Commission has recommended that Justice Court Judge Brenda M. Franklin, be publicly reprimanded, fined $1,500 and assessed the costs of this proceeding.
¶ 13. In accordance with Section 177A of the Mississippi Constitution and Rule 10 of the Rules of the Commission, as interpreted by this Court, the Commission recommends disciplinary sanctions and the Court, based upon a review of the entire record, determines the appropriate sanction. As the Court stated in In re Quick, supra, 553 So.2d at 527:
In judicial misconduct proceedings, this Court is the trier of fact, and it has sole power to impose sanctions. Garner, 466 So.2d at 885; Collins, 524 So.2d at 556. Although this Court has an obligation to conduct an independent inquiry, it nonetheless gives great weight to the finding of the Commission, which has had the opportunity to observe the demeanor of the witnesses. Garner, supra, at 885; Collins, supra, at 556.
See also Mississippi Judicial Performance Comm'n v. Walker, 565 So.2d 1117 (Miss. 1990).
¶ 14. As previously noted, the sanctions available to the Court include removal from office, suspension, fine and public censure or reprimand. The Court stated in Mississippi Judicial Performance Comm'n v. Walker, 565 So.2d at 1124, "The sanction imposed should be consistent with other like cases and `ought to fit the offense.' In Re Bailey, 541 So.2d 1036, 1039 (Miss. 1989)."
¶ 15. The Commission has recommended a public reprimand, a fine and assessment of costs. Franklin has agreed to this recommendation and has joined in the Commission's motion to accept the recommended sanctions. The agreed Recommendation suggests that the proposed sanction is consistent with the elements as to the imposition of sanctions as found in In re Baker, 535 So.2d 47 (Miss. 1988), and Mississippi Judicial Performance Comm'n v. Walker, 565 So.2d 1117 (Miss. 1990). This Court gives great deference to the Commission's findings, however, we are also charged to render independent judgment. Mississippi Comm'n on Judicial Performance v. Peyton, 645 So.2d 954, 956 (Miss. 1994). Without question the recommendation for a public reprimand and a fine is supported by the facts of this Inquiry and could be approved and adopted by this Court. The real question is whether or not the Court should impose the more serious sanction of removal.
¶ 16. In 1994 this Court in Mississippi Comm'n on Judicial Performance v. Franklin, 630 So.2d 995, publicly reprimanded Franklin and levied a file of $300 against Franklin. The charge in the previous case involved operating a motor vehicle upon highways of Mississippi with an expired tag in violation of the law for which she was publicly reprimanded. Further, in the 1994 proceeding, Franklin was fined $300 for "allowing ... family, social or other relationships to influence her judicial conduction or judgment."
¶ 17. In the earlier case, Franklin was sanctioned for lending the prestige of office and for intervening in a matter involving her brother. In the instant case, it is intervention on behalf of Franklin's friend and distant relative.
*94 ¶ 18. The Commission also found, and Franklin agreed, that violations involving bad checks, wherein a warrant for her arrest was issued, and a failure to file a report of campaign contributions and expenditures as required by statute with the Circuit Clerk's Office had occurred, though, in mitigation, these deficiencies have now been satisfied. Because of the charges being almost identical in fact and law and because of the prior sanctions, i.e., public reprimand and fine, we now find that Brenda M. Franklin should be publicly reprimanded, fined $1,500, and suspended without pay from her duties as Justice Court Judge for the Northern District of Marshall County, Mississippi, for thirty (30) days. We find this sanction appropriate in light of Franklin's prior discipline for similar conduct. Mississippi Comm'n on Judicial Performance v. Peyton, 645 So.2d 954, 956-57 (Miss. 1994) (discussion of appropriate sanctions in regard to the offense committed.)
¶ 19. BRENDA M. FRANKLIN SHALL BE PUBLICLY REPRIMANDED, FINED $1,500, AND SUSPENDED FOR THIRTY (30) DAYS WITHOUT PAY FROM HER DUTIES AS JUSTICE COURT JUDGE FOR THE NORTHERN DISTRICT OF MARSHALL COUNTY.
DAN LEE, C.J., PRATHER and SULLIVAN, P.JJ., and BANKS, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
McRAE, J., not participating.