724 So.2d 873 (1998)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Frank A. RUSSELL.
No. 96-CC-00507-SCT
Supreme Court of Mississippi.
December 3, 1998.
Luther T. Brantley, III, Jackson, for Appellant.
Jim Waide, Tupelo, for Appellee.
En Banc.

ON PETITION FOR WRIT OF EXTRAORDINARY RELIEF
SMITH, Justice, for the Court:
¶ 1. This case comes before the Court as a result of this Court's decision in Mississippi Commission, on Judicial Performance v. Russell, 691 So.2d 929 (Miss.1997). The Commission requests by petition for extraordinary relief that this Court determine what charges may be included as costs to be charged to Judge Frank A. Russell as a result of these proceedings. After consideration of the Commission's request and the response of Judge Russell we find that the Petition for Writ of Extraordinary Relief should be granted, and the costs as determined and assessed by the Commission are endorsed by this Court.

I.
¶ 2. This Court's decision in Mississippi Commission on Judicial Performance v. Russell was handed down on February 6, 1997. The effect of this Court's decision was delayed until the disposition of Judge Russell's Motion for Rehearing. By order of April 15, 1997, this Court finalized the sanction of $1500.00 and a public reprimand. The order included the specific directive: "All costs are assessed against Frank Russell." This Court's mandate of May 5, 1997, stated: "Russell is taxed with all costs of this appeal." The costs subsequently submitted by the Commission included $100.00 for the Supreme Court Fee; $2,559.50 for Transcripts; and $887.74 for Travel Expenses for Committee Members, for a total of $3,547.24. Judge Russell paid the $100 court fee but subsequently informed the Commission that he disputed any of the other expenses as being properly assessed as costs.
¶ 3. By letter dated July 21, 1997, the Commission attempted to have this Court's mandate enrolled as a judgement in the Hinds County Circuit Court. In response Judge Russell filed a Motion to Strike Enrollment of Judgment in the circuit court. By order dated June 26, 1998, the circuit court took the matter under advisement, finding that there had been no judicial determination *874 of the specific amount of costs to be awarded against Judge Russell, and that any judicial determination would have to be made by this Court. On July 15, 1998, the Commission filed its Petition for Extraordinary Relief with this Court, asking that a determination be made concerning the propriety of the costs as alleged. Judge Russell has filed his response.

II.
¶ 4. Rule 10(E) of the Rules of the Commission on Judicial Performance states:
E. Decision. Based upon a review of the entire record, the Supreme Court shall prepare and publish a written opinion and judgment directing such disciplinary action, if any, as it finds just and proper. The Supreme Court may accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission. In the event that more than one (1) recommendation for discipline of the judge is filed, the Supreme Court may render a single decision or impose a single sanction with respect to all recommendations.
This Court has consistently assessed the costs of a formal hearing before the Commission on Judicial Performance to the judge who is the object of the hearing. See Mississippi Comm'n on Judicial Performance v. Whitten, 687 So.2d 744 (Miss.1997); Mississippi Comm'n on Judicial Performance v. Franklin, 704 So.2d 89 (Miss.1997); Mississippi Comm'n on Judicial Performance v. Sanders, 708 So.2d 866 (Miss.1998); and Mississippi Comm'n on Judicial Performance v. Guest, 717 So.2d 325 (Miss.1998). In each of these cases the Chairman of the Commission included as part of the record a Certificate of Costs, including such items as the Supreme Court fee, transcript costs, travel expenses for Commission members, witness fees and fees for serving subpoenas. Also, in each case the Commission made a recommendation of sanctions to this Court, and has further recommended that the judge in question be assessed costs. In Franklin and Sanders this Court's mandate stated that the judge in question was "taxed with all costs of this appeal." This is a misnomer, as this Court's final disposition of a case originating before the Commission is not an appeal. In Guest, this Court specified in its mandate the amount of the costs assessed to Judge Guest as being $839.65. While we did not specify the amount of costs assessed to Judge Russell in our mandate in this case, a Certificate of Costs in the amount of $3,547.24 from the Chairman of the Commission was included in the record of this case; the Commission, in addition to its recommendation for sanctions, asked for an assessment of costs against Judge Russell. We find that an assessment of such costs is within the discretion of this Court, is in keeping with the precedent of this Court, and is reasonable where the complaining party is on notice that such costs are being sought and where the behavior of the complaining party is the reason for the incurring of the costs. The Petition for Writ of Extraordinary Relief filed by the Mississippi Commission on Judicial Performance is granted. Judge Frank A. Russell is assessed costs in the amount of $3,547.24, as certified by the Chairman of the Commission.
¶ 5. PETITION FOR WRIT OF EXTRAORDINARY RELIEF GRANTED. FRANK A. RUSSELL IS ASSESSED THE COSTS IN THE AMOUNT OF $3,547.24.
PRATHER, C.J., SULLIVAN and PITTMAN, P.JJ., and BANKS and WALLER, JJ., concur.
McRAE, JAMES L. ROBERTS, Jr. and MILLS, JJ., not participating.