755 So.2d 1062 (2000)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
A MUNICIPAL COURT JUDGE.
No. 1999-JP-01305-SCT.
Supreme Court of Mississippi.
February 3, 2000.
Luther T. Brantley, III, Jackson, Attorney for Appellant.
Appellee, pro se.
EN BANC.
BANKS, Justice, for the Court:
¶ 1. This matter is before the Court on the recommendation of the Mississippi Commission on Judicial Performance to publicly reprimand a Municipal Court Judge.

I.
¶ 2. On November 18, 1999, the Mississippi Commission on Judicial Performance, ("Commission") filed a formal complaint against a Municipal Court Judge ("Judge"). The complaint contained four counts for which the Commission argues that the Judge violated Section 177A of the Mississippi Constitution of 1890 through willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute. The Commission's complaint was based on the following incidents.
¶ 3. On April 20, 1998, N.E. entered a guilty plea to the crime of DUI 2nd before the Judge. The Judge sentenced N.E. to six (6) months probation. The Judge further ordered, as a condition of N.E.'s probation, that N.E. get married within thirty (30) days of sentencing. The Judge later rescinded the order to marry on December 21, 1998.
*1063 ¶ 4. On June 23, 1998, F.C. pled guilty to the crime of DUI 1st. There, the Judge sentenced F.C. to a suspended sentence on the condition that he marry his girlfriend within sixty days of sentencing. On November 19, 1998, the Judge rescinded the order to marry.
¶ 5. On September 25, 1998, R.C. entered a plea of guilty to the crime of simple assault before the Judge. The Judge ordered that R.C. be assessed certain fines, restitution, a 180 day suspended jail term and six months supervised probation. As a condition of the R.C. probation, R.C. and his victim were ordered by the Judge to be married within sixty days of sentencing. On December 21, 1998, the Judge rescinded the order to marry.
¶ 6. On August 18, 1998, the Judge represented A.M. as a client. On August 17, 1998, the Judge in his official capacity as Municipal Court Judge, released A.M. on a $545 recognizance bond. Where the Judge was called at home about the bond, he did not inquire as to the name of the defendant and did not realize that he was setting bond for a client. The Judge later recused himself from the trial on the merits.
¶ 7. On April 29, 1999, the Judge and the Commission entered an agreed statement of facts that included the above-mentioned incidents, which are in the Commission's Complaint. The Commission considered the agreed statement of facts in its determination as to the appropriate sanction for the Judge. The Commission found that the Judge's actions constituted willful misconduct. The Commission recommends that the Judge be publicly reprimanded and assessed the costs of the proceedings in the amount of $285.65.
¶ 8. Both parties now await this Court's determination on the Commission's recommendation.

II.
¶ 9. This Court's authority to decide issues of discipline pertaining to a judge's conduct is found in the Mississippi Constitution, which states in pertinent part as follows:
On the recommendation of the commission on judicial performance, the supreme court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: (a) actual conviction of a felony in a court other than a court of the State of Mississippi; (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; (d) habitual intemperance in the use of alcohol or other drugs; or (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute;....
Article 6, § 177A of Mississippi Constitution of 1890. Although this Supreme Court defers to the recommendation of sanctions made by this Commission on Judicial Performance, the Court is not bound by those recommendations. Mississippi Judicial Performance Comm'n v. Hopkins, 590 So.2d 857, 862 (Miss.1991).
¶ 10. We agree with and adopt the Commission's recommendation of a finding of willful misconduct.
¶ 11. This Court has clearly stated some factors to be considered in determining whether a judge should be publicly reprimanded. In re Inquiry Concerning Baker, 535 So.2d 47 (Miss.1988). Certain factors may be considered in the decision to impose a public reprimand. These include the length and character of the judge's public service, any positive contributions made to the courts and community by the judge, the fact that there is no prior judicial precedent on the issue in question, the judge's commitment to fairness and innovative procedural form, the magnitude of the alleged misconduct, the number of persons who have been affected by the misconduct, and whether the misconduct involved moral turpitude. Id. at 54.
¶ 12. Applying these factors here, the Judge served as a Municipal Court Judge from January 1, 1994, until December 31, *1064 1998. The Judge presently holds an elected judicial office. The record does not otherwise reflect upon the Judge's public service or service to the community. There is a lack of judicial precedent on this incident in this State. However, there is a reported case on point from another jurisdiction. Office of Disciplinary Counsel v. Mestemaker, 78 Ohio St.3d 92, 676 N.E.2d 870 (1997).
¶ 13. In Mestemaker, a judge ordered marriage as a condition of probation in three separate cases. Mestemaker, 676 N.E.2d at 870. The Court did not state the underlying convictions for which probation was granted. There, the judge also made derogatory remarks related to a litigant's national origin, on another occasion. Id. The Court noted that the judge was no longer a member of the judiciary. Also, the Court referred to the judge's misconduct as a lapse of "conduct and decorum in an otherwise distinguished judicial career spanning fifteen years." Id. at 871. Upon the recommendation of the disciplinary counsel, the judge was publicly reprimanded. Id.
¶ 14. Here, the Judge has ordered marriage on three occasions. The record does not reflect a conclusive reason why the Judge ordered marriage opposed to other conditions for probation. However, although not in the agreed statement of facts, the Judge stated in a letter to the Commission that he thought his intention was "a good one in that persons who are placed on probation should not be breaking the law." Specifically, the Judge stated that he did not want anyone who was living in adultery to be placed immediately in jeopardy of being revoked based on their living arrangements in violation of Miss.Code Ann. § 97-29-1 (1994)(unlawful cohabitation statute).
¶ 15. Nevertheless, the record does not reflect that any of the defendants, ordered to get married, would violate this statute if not ordered to get married. Moreover, the Judge admitted in the letter, as well as in the agreed statement of facts, that his conduct was wrong. Although he rescinded the orders, the Commission recommends that he be publicly reprimanded and cites to Mestemaker as judicial precedent on this issue.
¶ 16. Pertaining to the remaining factors, the record is silent on the Judge's commitment to fairness and innovative procedural form. Also, the magnitude of the offense includes the Judge ordering three defendants to get married. The Judge ordered one of the defendants to marry the victim of the defendant's assault. However, this factor is diminished to some extent because the Judge later rescinded the marriage order. Also, the record does not reflect that any defendant complained or objected to the imposition of the Judge's marriage order. The number of persons affected here includes the defendants that the Judge ordered to get married, as well as the non-parties they were ordered to marry. Moral turpitude was not involved in these incidents.
¶ 17. The Judge argues that he should not be publicly reprimanded. The Judge asserts that in the cases cited by the Commission, there was no corrective action taken by the judges in question. See Mississippi Comm'n on Judicial Performance v. Gunn, 614 So.2d 387 (Miss.1993); In re Quick, 553 So.2d 522 (Miss.1989); Mississippi Jud. Performance Comm. v. Coleman, 553 So.2d 513 (Miss.1989); In re Inquiry Concerning Baker, 535 So.2d 47 (Miss.1988); In re Inquiry Concerning Garner, 466 So.2d 884 (Miss.1985); In re Kneifl, 217 Neb. 472, 351 N.W.2d 693 (1984). Moreover, the Judge asserts that his intent was to prohibit the defendants from becoming subject to probation violations. The Judge asserts that his orders were not done for a pecuniary or wrongful purpose.
¶ 18. The Judge is correct that the judges in the cases cited by the Commission in its brief did not take any action to correct their misconduct. The fact that the Judge rescinded the orders is mitigating *1065 evidence although it pertains to only one of several factors.
¶ 19. In a society that has agreed to be bound by the rule of law, the judge has a duty to carry out the constructs of the law in accordance with rules set by this society. The decorum of our courts is imperative.
¶ 20. Based upon our assessment of all of the factors, we conclude that a private reprimand is a sufficient sanction in this case.

III.
¶ 21. The Commission requests that the Judge pay for the costs of this proceeding, which amounts to $285.65. The Commission cites to Rule 36 of the Mississippi Rules of Appellate Procedure for the proposition that this Court may require either party to pay the costs of this proceeding. The Judge does not respond to this request. Accordingly, we hold that the costs of this proceeding should be taxed against the Judge because "this Court has consistently assessed the costs of a formal hearing before the Commission on Judicial Performance to the judge who is the subject of the hearing." Mississippi Comm'n on Judicial Performance v. Russell, 724 So.2d 873, 874 (Miss.1998) (citations omitted).
¶ 22. This Court held in Russell that an assessment of such costs is in keeping with the precedent of this Court and is reasonable where "the complaining party is on notice that such costs are being sought and where the behavior of the complaining party is the reason for the incurring of the costs." Id. at 874. Here, the Commission's brief requests that costs be assessed against the Judge. The record includes a Certificate of Costs in the amount of $285.65. The Judge does not deny that he was on notice that the Commission would request that costs be assessed against him.
¶ 23. In accordance with this Court's precedents, we assess costs in the among of $285.65 against the Judge.

CONCLUSION
¶ 24. For these reasons we hold that, (1) the Judge committed willful misconduct in ordering three defendants to get married and in setting a bond for a defendant whom the Judge represented in another matter, (2) that the appropriate sanction for the Judge is a private reprimand, and (3) the Judge is so reprimanded. Costs in the amount of $285.65 are taxed to the Judge.
¶ 25. PRIVATE REPRIMAND.
PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.