863 So.2d 973 (2004)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Walter W. TEEL.
No. 2003-JP-01263-SCT.
Supreme Court of Mississippi.
January 15, 2004.
*974 Luther T. Brantley, III, Darlene D. Ballard, Jackson, attorneys for appellant.
Walter W. Teel, attorney for appellee.
EN BANC.
WALLER, Presiding Justice, for the Court.
¶ 1. The Mississippi Commission on Judicial Performance has recommended that former Chancery Judge Walter W. Teel of the Eighth Chancery Court District be publicly reprimanded and assessed costs for his failure to pay office-related charges to vendors after submitting and being reimbursed for those charges by the State of Mississippi. We adopt the Commission's recommendation to publicly reprimand Judge Teel, but not its recommendation to assess costs from two separate inquiries.

FACTS AND PROCEDURAL HISTORY
¶ 2. From July 1999 to November 2000, Judge Teel made a total of $3,218.48 in charges to local Gulfport vendors for miscellaneous office purchases.[1] These purchases were charged to an account known as the "Eighth Chancery Court District Account." The Account was established to allow the Eighth District chancery judges and their staff to purchase items on credit. It was an admittedly fictitious entity, and any item purchased using this account was the obligation of the chancery judge who incurred the charge. The items ordered were billed to this account and sent to the Court Administrator for the District. The Court Administrator would collect from the judge who made the charge and pay the vendor through the account. It was the charging judge's responsibility to seek reimbursement from the State after he paid the Court Administrator.
¶ 3. Judge Teel refused to pay the administrator for the charges in question. Nonetheless, he sought reimbursement from the State for items he never paid for. He deposited the reimbursements into his personal bank account but did not pay the court administrator per the local procedure or the vendors until he was notified of an investigation by the State Auditor and Attorney General in 2001.
¶ 4. On December 6, 2001, Judge Teel was indicted in the Circuit Court of the Second Judicial District of Harrison County and charged with embezzlement for the same acts at issue here. A formal complaint (Inquiry No.2001-277) was filed by the Commission on January 2, 2002. On June 13, 2002, Judge Teel was found not guilty on all counts in the criminal case. The Commission dismissed Inquiry No.2001-277 on July 31, 2002. On September 11, 2002, the Commission filed the present Complaint (Inquiry No.2002-195), alleging the same conduct that prompted the indictment and Inquiry No.2001-277. *975 After a hearing, the Commission determined that Judge Teel's conduct violated Canons 1, 2A, 2B, 3B(1), and 5C(1) of the Code of Judicial Conduct of Mississippi Judges.[2] Further, the Commission found that his behavior constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute in violation of Article 6, Section 177A of the Mississippi Constitution of 1890, as amended. The Commission recommended that Judge Teel be publicly reprimanded and assessed costs for Inquiry No.2002-195 ($440.69). The Commission further assessed costs for the previous Inquiry No.2001-277 ($1,746.78). Judge Teel disputes the assessment of costs for Inquiry No.2001-277 and the public reprimand of Inquiry No.2002-195. He does not contest the imposition of costs for Inquiry No.2002-195.

STANDARD OF REVIEW
¶ 5. We review judicial disciplinary matters de novo. Miss. Comm'n on Judicial Performance v. Hartzog, 822 So.2d 941, 943 (Miss.2002). In judicial misconduct proceedings this Court is the trier of fact and has the sole power to impose sanctions. Miss. Comm'n on Judicial Performance v. Neal, 774 So.2d 414, 416 (Miss.2000); see also In re Quick, 553 So.2d 522, 527 (Miss.1989); In re Garner, 466 So.2d 884, 885 (Miss.1985). Although this Court is not bound by the findings and recommendations of the Commission and may impose additional sanctions, it nonetheless gives great weight to the findings of the Commission which had the opportunity to observe the demeanor of the witnesses. Neal, 774 So.2d at 416; see also Miss. Comm'n on Judicial Performance v. Whitten, 687 So.2d 744, 746 (Miss.1997); Miss. Comm'n on Judicial Performance v. Gunn, 614 So.2d 387, 389 (Miss.1993).

DISCUSSION

I. WHETHER JUDGE TEEL'S CONDUCT CONSTITUTES WILLFUL MISCONDUCT IN OFFICE AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE PURSUANT TO SECTION

*976 177A OF THE MISSISSIPPI CONSTITUTION OF 1890, AS AMENDED?
¶ 6. The Court is authorized to sanction judges for "willful misconduct in office ... willful and persistent failure to perform his duties ... or ... conduct prejudicial to the administration of justice which brings the judicial office into disrepute...." Miss. Const. art. 6, § 177A. "Willful misconduct is the improper or wrongful use of the power of his office by a judge acting intentionally, or with gross unconcern for his conduct, and generally in bad faith." In re Anderson, 412 So.2d 743, 745 (Miss.1982), quoting In re Peoples, 296 N.C. 109, 250 S.E.2d 890, 918 (1978).
[Willful misconduct] involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith ...
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.
In re Anderson, 412 So.2d at 745. "Furthermore, [the] misconduct does not have to be embedded in any form of bad behavior because `ignorance and incompetence, not amounting to bad faith behavior in a manner prejudicial to the administration of justice, bring the judicial office into disrepute.' " In re Quick, 553 So.2d 522, 527 (Miss.1989), quoting In re Stewart, 490 So.2d 882, 884 (Miss.1986). This Court can generally recognize examples of willful misconduct when presented for review. Anderson, 412 So.2d at 752.
¶ 7. Here, Judge Teel filed for reimbursement for bills that he never paid. Instead of paying the various vendors when he was reimbursed, he deposited the funds into his personal bank account. He did not pay the vendors that were owed until after he was notified of an investigation into his payment practices by the State Auditor and Attorney General.
¶ 8. While Judge Teel takes full responsibility for not timely paying the bills in question, he claims he did not willfully or intentionally do anything to cause disrespect to the judiciary. He claims he did not pay the bills because his wife's illness and his duties as a judge were more than he could mentally or emotionally handle. He states that his wife was extremely ill at the time in question, he was her primary care giver, and their medical expenses were staggering. While these facts are understandably stressful, they do not excuse the conduct at issue here.
¶ 9. Based on these facts, we adopt the Commission's recommendation and conclude that Judge Teel's actions constituted willful misconduct and conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
II. WHETHER JUDGE TEEL SHOULD BE PUBLICLY REPRIMANDED PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION OF 1890, AS AMENDED, AND ASSESSED COSTS OF BOTH PROCEEDINGS?
¶ 10. The sanctions available to this Court are: (1) removal from office; (2) *977 suspension from office; (3) fine; and (4) public censure or reprimand. Miss. Const. art. 6, § 177A. Sanctions should be consistent with the offense and similar to like cases. Miss. Comm'n on Judicial Performance v. Carr, 786 So.2d 1055, 1059 (Miss.2001), citing In re Bailey, 541 So.2d 1036, 1039 (Miss.1989). "The sanction should recognize the misconduct, deter and discourage similar behavior, preserve the dignity and reputation of the judiciary and protect the public." Miss. Comm'n on Judicial Performance v. Sanders, 708 So.2d 866, 878 (Miss.1998).
(a) Public Reprimand
¶ 11. The Commission recommended a public reprimand and assessment of costs. In determining whether to issue a public reprimand, the Court weighs the factors listed in In re Baker, 535 So.2d 47, 54 (Miss.1988) and Miss. Comm'n on Judicial Performance v. Walker, 565 So.2d 1117,1124 (Miss.1990):
(1) The length and character of the judge's public service. Judge Teel served four years as a Chancery Court Judge. He served as a municipal court judge prior to serving as Chancellor.
(2) Positive contributions made by the judge to the courts and the community. The Commission found nothing on this issue.
(3) The lack of prior judicial precedent, on the incident in issue. The Commission found no case law that deals directly with the present situation where there is a public expense with personal liability, with reimbursement paid in trust for the payment of the public expense. It suggests that the present case is analogous to attorney misuse of trust funds. In Cotton v. The Mississippi Bar, 809 So.2d 582 (Miss.2000), an attorney was disbarred when he received a settlement check that was to be applied to his client's medical bills but did not pay the client's bills for more than five months.
(4) Commitment to fairness and innovative procedural form on the part of the judge. The Commission found nothing on this issue.
(5) The magnitude of the offense. The Commission found that Judge Teel's misappropriation of the reimbursement he received is serious because it cast doubt upon the integrity of the entire judiciary.
(6) The number of persons affected. The Commission found that numerous vendors were affected by Judge Teel's refusal to pay the accounts due even after he was reimbursed. In the Agreed Statement of Facts there are eighteen different instances where he did not pay eight different vendors.
(7) Whether "moral turpitude" was involved. The Commission did not find moral turpitude to be involved.
¶ 12. Based on an analysis of these factors, we find a public reprimand appropriate. See Miss. Judicial Performance Comm'n v. Cantrell, 624 So.2d 94 (Miss. 1993) (justice court judge was publicly reprimanded for, inter alia, his failure to pay a single personal debt).
(b) Costs
¶ 13. Costs of a formal hearing before the Commission on Judicial Performance are assessed to the judge who is the object of the hearing when he is found in violation of the Code of Judicial Conduct. Miss. Comm'n on Judicial Performance v. Russell, 724 So.2d 873, 874 (Miss.1998). Rule 10(e) of the Rules of the Commission on Judicial Performance states "[t]he Supreme Court may accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission." This Court assesses costs when the complaining party has notice that costs *978 are being sought. Russell, 724 So.2d at 874.
We find the assessment of such costs is within the discretion of this Court, is in keeping with the precedent of this Court, and is reasonable where the complaining party is on notice that such costs are being sought and where the behavior of the complaining party is the reason for the incurring of the cost.

Id. (emphasis added).
¶ 14. In its Findings of Facts and Recommendations, the Commission recommended Judge Teel be assessed all costs in Inquiry No.2002-195, which he does not dispute. He disputes the recommendation of assessment of costs associated with Inquiry No.2001-277, which resulted in his suspension from February 21, 2002, until August 6, 2002. He argues that he should not be assessed costs for Inquiry No.2001-277 because it was a separate inquiry and he did not contest the suspension and entered into a consent decree regarding the suspension. He also states that once he was found not guilty on the criminal charges he was fully reinstated and the complaint in Inquiry No.2001-277 was dismissed.
¶ 15. Judge Teel's conduct caused both inquiries. Both inquires are because of his manipulation of the reimbursement process. Both inquiries are based upon the same facts and circumstances, but No. 2001-277 was dismissed by the Commission. As Judge Teel never contested his suspension under No.2001-277 and the Commission dismissed the complaint, there is no basis to award costs for Inquiry No.2001-277. Costs for 2002-195 are assessed in the amount of $440.69.

CONCLUSION
¶ 16. This Court finds that Judge Teel's actions constitute willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, in violation of Article 6, Section 177A of the Mississippi Constitution of 1890. This Court also adopts the recommendation of the Commission to reprimand publicly Judge Teel, in the form and manner provided by law, and assess costs of $440.69 for Inquiry No.2002-195. We deny the Commission's request to assess costs for Inquiry No.2001-227.
¶ 17. WALTER W. TEEL, FORMER CHANCERY JUDGE OF THE EIGHTH CHANCERY COURT DISTRICT, IS HEREBY ORDERED TO BE (1) PUBLICLY REPRIMANDED BY THE SENIOR JUDGE OF THE EIGHTH CHANCERY COURT DISTRICT FOR WILLFUL MISCONDUCT AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE THAT BRINGS THE JUDICIAL OFFICE INTO DISREPUTE AND (2) PAY THE COSTS OF THIS PROCEEDING IN THE AMOUNT OF $440.69.
PITTMAN, C.J., SMITH, P.J., COBB, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ AND EASLEY, JJ., NOT PARTICIPATING.
NOTES
[1] Judge Teel served in office from January 1, 1999, until December 31, 2002.
[2] Canon 1: A judge should uphold the integrity and independence of the judiciary.

Canon 2: A judge should avoid impropriety and the appearance of impropriety in all his activities.
A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. A judge should not allow his family, social or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interest of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness.
Canon 3: A judge should perform the duties of his office impartially and diligently.
B. Administrative Responsibilities
(1) A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.
Canon 5: A judge should regulate his extra-judicial activities to minimize the risk of conflict with his judicial duties.
C. Financial Activities
(1) Judges should refrain from financial and business dealings that tend to reflect adversely on their impartiality, interfere with the proper performance of their judicial duties, exploit their judicial positions, or involve them in frequent transactions with lawyers or persons likely to come before the court on which the judge serves.