THE STATE, EX REL. GREEN, *v.* TILTON, AUDITOR, ET AL.

[Cite as State, ex rel. Green, *v.* Tilton (1982), 1 Ohio St. 3d 54.]

(No. 81-1403—Decided July 21, 1982.)

*Messrs. Rathman, Elliott & Boyd, Mr. George H. Elliott, Carl Morgenstern Co., L.P.A.,* and *Mr. Carl Morgenstern,* for relator.

*Mr. John F. Holcomb,* prosecuting attorney, and *Ms. Victoria Daiker,* for respondents.

CLIFFORD F. BROWN, J.  Relator was disqualified from acting as judge pursuant to Gov. R. VI(1)(b) which provides:

"A judge is disqualified from acting as a judge while there is pending an indictment or an information charging him in the United States with a crime punishable as a felony under state or federal law."

The sole issue presented herein is whether a judge who has been thus disqualified is, nevertheless, entitled to his judicial compensation pending the resolution of such charges.

R.C. 2701.11 and 2701.12 set forth the causes and procedures for removal and suspension of judges without pay.[1] Neither of these statutes provides for removal or suspension of a judge without pay unless and until a full investigation has been conducted by the Board of Commissioners on Grievances and Discipline and a hearing has been held before a commission of judges. Only after such notice and hearing may a judge be removed or suspended without pay for those causes specified in R.C. 2701.12. Only after the charges against a judge have been subjected to the rigors of the adversarial process as outlined in R.C. 2701.11 may he be deprived of any of the incidents of his office.

In the present case, respondent was neither "removed" nor "suspended" for any of the causes allowing for such removal or suspension found in R.C. 2701.12. Moreover, respondent was never afforded the procedural safeguards as set forth in R.C. 2701.11.

Inasmuch as the disqualification of a judge under Gov. R. VI(1)(b) does not constitute a cause for removal or suspension without pay, such judge is enti-

---

[1] R.C. 2701.11 provides as follows:

"Subject to rules implementing sections 2701.11 and 2701.12 of the Revised Code, that shall be promulgated by the supreme court, upon written and sworn complaint setting forth the cause or causes and after reasonable notice thereof and an opportunity to be heard, any judge may be retired for disability, removed for cause, or suspended without pay for cause by a commission composed of five judges of this state, all of whom shall be appointed by the supreme court from among judges of the courts of record located within the territorial jurisdiction in each of any five of the appellate districts, not including that within which the respondent judge resides.

"¢¢***

"The administrative assistant of the supreme court shall be the secretary of each commission appointed to consider retirement, removal, or suspension of a judge. The secretary shall certify each order of a commission which commands the retirement, removal, or suspension of a judge to the governor, the chief justice of the supreme court, and the officer required by law to draw warrants for payment of the salary of such judge. ***"

R.C. 2701.12 provides, in pertinent part, as follows:

"(A) Cause for removal or suspension of a judge from office without pay under section 2701.11 of the Revised Code exists when he has, since first elected or appointed to judicial office:

"(1) Engaged in any misconduct involving moral turpitude, or a violation of such of the canons of judicial ethics adopted by the supreme court as would result in a substantial loss of public respect for the office;

"(2) Been convicted of a crime involving moral turpitude; or

"(3) Been disbarred or suspended for an indefinite period from the practice of law for misconduct occurring before such election or appointment."

tled to full compensation pending disposition of the indictment or information which occasioned his disqualification. Accordingly, respondents are ordered to pay relator all amounts heretofore wrongfully withheld during the period of January 1, 1979, to April 3, 1979, and February 7, 1980, to July 21, 1982.[2]

*Writ allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and HOLMES, JJ., concur.

LOCHER and KRUPANSKY, JJ., dissent.

HOLMES, J., concurring. I reluctantly concur with the majority, and do so only because the statutes and Rules of Judicial Conduct as currently written unfortunately allow this judge, who has not carried out his judicial functions, to be able to unduly profit from his unearned judicial salary. This cause presents a situation which cries out for legislative change in these statutes, or certain additions to the Supreme Court Rules for the Government of the Bar as such relate to the removal or suspension of judges.

KRUPANSKY, J., dissenting. In my view, relator has no right to receive compensation for work which he has been prohibited from performing by order of this court. I would deny this writ, and for this reason I must respectfully dissent.

The primary focus of R.C. 2701.11 is upon the procedure for retirement, removal and suspension of a judge without pay. This statute, however, does not even mention disqualification due to pending indictment. In order for a judge to be disqualified, therefore, it is not necessary to follow the procedure outlined in R.C. 2701.11. In fact, the procedure set forth in the statute was not followed when relator was twice disqualified by order of this court.

While R.C. 2701.11 is silent regarding disqualification, this subject is specifically addressed in Gov. R. VI(6). This rule however, is silent concerning compensation for a disqualified judge. Since there is nothing in either the statute or the rule which expressly requires a judge be compensated during a period of disqualification, it would seem reasonable to conclude the disqualified judge should not be paid for work which he has not performed. The propriety of this conclusion becomes clear when one realizes that it is necessary to appoint acting judges to fulfill the judicial duties of the disqualified judge, and that the acting judges must be compensated for their work. The rule thus espoused is an old and simple one: no work, no pay.

In sum, either the statutory procedure should be followed entirely, or the rule procedure should be followed entirely. Since the statute does not pertain

---

[2] Relator was indefinitely suspended from the practice of law in *Butler Cty. Bar Assn.* v. *Green* (1982), 1 Ohio St. 3d 48. No longer satisfying the requirements of R.C. 2301.01, he is thus precluded from holding judicial office. See *State, ex rel. Saxbe,* v. *Franko* (1958), 168 Ohio St. 338 [7 O.O.2d 57]; *Cincinnati Bar Assn.* v. *Heitzler* (1972), 32 Ohio St. 2d 214 [61 O.O.2d 451]. Relator is therefore not entitled to any further compensation as of the date of that decision.

to disqualification due to pending indictment, the rule procedure, which does pertain to disqualification, was followed by this court when relator was disqualified. It would be inconsistent to follow the statutory procedure at this point when the statute addresses only retirement, removal and suspension of a judge. It would, therefore, be consistent to follow the rule which deals with disqualification, but which is silent regarding compensation, and grant no pay for no work.

For the above reasons, I would deny relator's writ.

LOCHER, J., concurs in the foregoing dissenting opinion.