822 So.2d 941 (2002)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Johnny C. HARTZOG.
No. 2002-JP-00255-SCT.
Supreme Court of Mississippi.
July 25, 2002.
*942 Luther T. Brantley, III, Patricia Hancock, Jackson, attorneys for appellant.
Edward S. Peters, attorney for appellee.
EN BANC.
WALLER, J., for the Court.
¶ 1. The Mississippi Commission on Judicial Performance recommends the temporary suspension with pay of Johnny C. Hartzog, Justice Court Judge, Post 2, Jefferson Davis County pending resolution of two felony indictments. Having carefully considered the Commission's findings and recommendation and Judge Hartzog's response, we adopt the Commission's findings and recommendation and suspend Judge Hartzog with pay pending resolution of the two felony indictments.

FACTS AND PROCEDURAL HISTORY
¶ 2. Pursuant to Miss.Code Ann. § 97-19-39, Judge Hartzog was indicted by the Grand Jury of Lamar County, Mississippi on August 29, 2001 on one felony count of false pretense and one felony count of attempted false pretense based upon his writing an insufficient funds check and a check written after the account was closed.
¶ 3. Upon the filing of a Formal Complaint by the Mississippi Commission of Judicial Performance, a show cause hearing was held on December 14, 2001, before a three (3) person committee of the Commission. The purpose of the hearing was to give Judge Hartzog the opportunity to tell why he should not be suspending pending resolution of the pending bad check charges. Judge Hartzog admitted the fact of the indictment, but testified that he had been the victim of an elaborate confidence game perpetrated by his co-defendant, Stacy Adams. Adams allegedly informed Judge Hartzog that she had recently won a large sum of money at a casino. She discussed plans for hiring Judge Hartzog who was also a contractor, to build some housing projects and a gas station with her winnings.[1]
¶ 4. Judge Hartzog and Adams opened a joint checking account because Adams allegedly told him that she did not know how to manage her money. Judge Hartzog testified that Adams later attempted to purchase a residence for Adams and her three children and asked Judge Hartzog to put his name on the deed so that he could oversee the property should anything happen to her. Judge Hartzog also testified that on May 31, 2001, she wrote a check on the joint checking account for $1,000.00 as earnest money for the purchase which was cosigned by Judge Hartzog. At the loan closing on June 8, 2001, Adams wrote and *943 presented a check for $128,000.00 which was also signed by Judge Hartzog. Judge Hartzog testified the attorney for the seller said the transaction could not be closed without a money order or certified check. According to Judge Hartzog, at the closing Adams reported she would transfer some money, but it would take 4-5 days. Judge Hartzog said the closing attorney put the $128,000.00 check in the file with the other closing papers. At the hearing, Judge Hartzog introduced an unsigned, handwritten letter purporting to be from Adams, apologizing to him for deceiving him and involving him as an unwitting victim in her frauds.
¶ 5. The Committee found that Judge Hartzog admitted he was indicted by a Lamar County grand jury on August 29, 2001, for the felony crimes of false pretense and attempted false pretense and that the allegations, if true, would constitute violations of Canon 1 and Canon 2A of the Code of Judicial Conduct. The Committee concluded that Judge Hartzog failed to show good cause as to why he should not be suspended with pay until such time as the criminal proceedings were resolved.
¶ 6. The Commission unanimously adopted the Committee's Recommendation and recommended that Judge Hartzog be suspended with pay until resolution of the criminal matter pursuant to Article 6, § 177A of the Mississippi Constitution of 1890, as amended, Miss.Code Ann. § 9-19-13 (Supp.2001) and Rule 7 of the Rules of the Commission.

STANDARD OF REVIEW
¶ 7. We review judicial disciplinary matters under a de novo standard, though the findings of fact and recommendations of the Commission are carefully reviewed. In a judicial disciplinary proceeding the Supreme Court must conduct an independent inquiry and make its own final determination of the appropriate sanction, although the Court accords careful consideration to the findings of fact and recommendations of the Commission on Judicial Performance or its committee. In re Anderson, 412 So.2d 743, 746 (Miss.1982).

DISCUSSION

I. WHETHER JUDGE HARTZOG SHOULD BE SUSPENDED WITH PAY DURING THE PENDENCY OF CRIMINAL MATTERS AND THE FORMAL COMPLAINT BEFORE THE MISSISSIPPI COMMISSION OR JUDICIAL PERFORMANCE.

A. WHETHER INDICTMENT FOR THE FELONY CRIMES OF FALSE PRETENSE AND ATTEMPTED FALSE PRETENSE CONSTITUTES A VIOLATION OF CANON 1 AND CANON 2A OF THE CODE OF JUDICIAL CONDUCT.
¶ 8. Judge Hartzog attacks the sufficiency of the evidence that was presented at the show cause hearing as well as the evidence that has been obtained against him in general. He argues that the Commission put forth no evidence that he is guilty of the conduct charged and that there is no clear and convincing evidence to show that he brought his judicial office into disrepute. Judge Hartzog argues that he lacked the necessary intent to commit any crime and because "he did not attempt to nor did he obtain the property of someone else through any false pretense to the detriment of another, he is not guilty of either false pretenses or an attempt to commit that crime." He stresses that the Commission based its decision on conduct, which, only if true, would violate the Canons of Judicial Conduct.
*944 ¶ 9. The Commission found that "it is undisputed that (Judge Hartzog) is under a two count felony indictment for false pretense and attempted false pretense." We have found that writing an insufficient funds check was one of several types of conduct that this Court labeled as willful misconduct and conduct prejudicial to the administration of justice bringing the judicial office into disrepute. Miss. Com'n on Jud. Performance v. Franklin, 704 So.2d 89, 92 (Miss.1997).
¶ 10. Judge Hartzog sits in judgment of defendants charged with crimes based on the issuance of bad checks and in civil cases involving collection matters. The appearance of impropriety or prejudice cannot be overcome. Such actions, if true, bring the judicial office into disrepute and violate Canons 1 and 2A of the Code of Judicial Conduct.[2]

B. WHETHER SUSPENSION WITH PAY IS AN APPROPRIATE DISCIPLINARY ACTION PENDING RESOLUTION OF THE CRIMINAL CHARGES.
¶ 11. Temporary suspension with pay is an appropriate measure of discipline where a judge is under a felony criminal indictment. Miss. Const. art. 6, § 177A. The inquiry then becomes whether temporary suspension is appropriate for Judge Hartzog under the facts and circumstances of his particular case.
¶ 12. In our independent inquiry, we consider several factors. First, we consider whether the recommended sanction is within the range for like violations. Insofar as this case involves the imposition of sanctions against a judge for being indicted, but not yet convicted of a crime, this appears to be an issue of first impression. Other states have found an indictment for a felony, by itself, is enough to warrant temporary suspension. See In re Shenberg, 632 So.2d 42 (Fla.1991) (grand jury indictment provided probable cause that judges had engaged in misconduct making them unfit to serve, justifying Supreme Court's suspension of judges without compensation prior to Judicial Qualifications Commission's evidentiary finding of misconduct); In re Kirby, 350 N.W.2d 344 (Minn.1984) (Rule 7(a) of Minnesota's Rules of Board on Judicial Standards provides that the Supreme Court shall immediately suspend with pay and without a hearing any judge charged with a felony); State ex rel. Green v. Tilton, 1 Ohio St.3d 54, 437 N.E.2d 1174 (1982) (Rule III(1)(b) of the Rules for the Government of the Judiciary of Ohio provides that a judge is disqualified from acting as a judge while there is pending an indictment against him charging him with a felony); In re Larsen, 655 A.2d 239 (Pa.Ct.Jud.Disc.1994) (court will decide matters of indictment on a case by case basis and will reject the proposal that suspension with pay be entered as a matter of course when any indictment charging a felony is filed ... totality of the circumstances is more appropriate, with each case being decided on its own facts) But cf. In re Cornelius, 48 N.Y.2d 1014, 425 N.Y.S.2d 552, 401 N.E.2d 910 (1980) *945 (mere filing of federal indictment against family court judge did not warrant imposition of severe sanction of suspension from judicial duties).
¶ 13. Temporary suspension with pay may be an appropriate disciplinary action following a felony indictment in some cases. However, we believe that a broad test, which considers the totality of the circumstances of each case, as used by Pennsylvania, should be used before the imposition of such discipline. With Judge Hartzog's duties as a Justice Court Judge involving criminal and civil actions involving bad checks, it does not appear appropriate for him to continue these duties while under a felony indictment for similar charges. The appearance of impropriety is too great.
¶ 14. A second factor for this Court to consider is the gravity of the offense charged. The case sub judice involves a two count felony indictment. Judge Hartzog has essentially admitted the facts of the indictment. Whether or not the necessary intent is ultimately proven need not be considered by this Court at this time. While the suspension is in the nature of discipline, the purpose of the suspension is to protect the integrity of the court and is not a punitive penalty imposed because Judge Hartzog has been indicted. As the Supreme Court of New Jersey has stated:
Removal is not punishment for a crime, nor is suspension, nor is withholding of pay. The purpose of the removal proceedings, and all related aspects of those proceedings, is to regulate the judiciary, to protect the public from dishonest judges, to prevent proven dishonest judges from doing further damage, and above all to assure the public that the judiciary is worthy of its trust.
In re Coruzzi, 95 N.J. 557, 472 A.2d 546 (1984). Judge Hartzog's guilt or innocence in his criminal case will eventually be resolved by a full trial on the merits. The Commission will then take whatever action it deems necessary with regard to the pending formal complaint.
¶ 15. Finally, we must examine the various options available to the Commission. Section 177A of the Mississippi Constitution of 1890, as amended, allows the Commission to recommend to this Court the removal from office, suspension, the levy of a fine, public censure or reprimand of any judge of this state. This Court has held that "sanction for judicial misconduct should fit the offense." Miss. Com'n on Jud. Performance v. Gunn, 614 So.2d 387, 390 (Miss.1993). In the case sub judice, the Commission has recommended the temporary suspension of Judge Hartzog with pay until the charges and Formal Complaint are resolved. Under the circumstances of this case we believe temporary suspension, with pay, is necessary to protect the sanctity of the courts.

CONCLUSION
¶ 16. We adopt the Commission's recommendation concerning Judge Hartzog as it is supported by the facts and the law, and we find a temporary suspension with pay is appropriate until the Formal Complaint and criminal charges are resolved. We find that the allegations in the criminal indictments, if true, would constitute violations of Canon 1 and 2(A) of the Code of Judicial Conduct. Jefferson Davis County Justice Court Judge Johnny C. Hartzog is hereby suspended from his duties as justice court judge, with pay, until further order of this Court.
¶ 17. The Clerk of this Court is directed to mail a copy of this opinion to the Chancery Clerk of Jefferson Davis County and the Clerk of the Jefferson Davis County Justice Court.
*946 ¶ 18. JEFFERSON DAVIS COUNTY JUSTICE COURT JUDGE JOHNNY C. HARTZOG IS HEREBY SUSPENDED FROM HIS DUTIES AS JUSTICE COURT JUDGE, WITH PAY, UNTIL FURTHER ORDER OF THIS COURT.
PITTMAN, C.J., SMITH, P.J., COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
NOTES
[1] The only witnesses at the hearing were Judge Hartzog and his wife. Stacy Adams was in jail pending resolution of the criminal charges.
[2] Canon 1: A Judge Shall Uphold the Integrity and Independence of the Judiciary.

An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, high standards of conduct and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Code should be construed and applied to further that objective.
Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities.
A. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.