# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-01559-SCT

*LORI ALLRED*

*v.*

*STEPHEN M. YARBOROUGH, RELIANCE INSURANCE COMPANY, MISSISSIPPI INSTITUTIONS OF HIGHER LEARNING AND DELTA STATE UNIVERSITY*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/16/2000 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DAVID LEE ROBINSON |
| | JOHN BOOTH FARESE |
| ATTORNEYS FOR APPELLEES: | PATRICIA R. WILLIAMS |
| | J. STEPHEN WRIGHT |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 04/24/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1.     In April 1997, Stephen M. Yarborough was an employee of the Mississippi Institutions of Higher Learning serving as an assistant baseball coach for Delta State University. On April 19, 1997, Yarborough was operating a vehicle provided by Cliff Colbert Chevrolet for use by the Delta State baseball team in Union County, Mississippi, within the course and scope of his employment. He and his passenger, David Montgomery, also an assistant baseball coach for Delta State, were traveling westbound on Highway 30

when Yarborough attempted to pass a slower vehicle in front of them and collided with a vehicle driven by Lori Allred and also occupied by Stephanie Windham and Dixie Medlin, the owner of the vehicle. Allred, Windham, and Medlin all suffered personal injuries, and Medlin suffered property damage to her car. The personal injury claims, individually and collectively exceed $50,000.00. Also, the vehicle owned by Cliff Colbert Chevrolet and driven by Yarborough at the time of the accident was a total loss.

¶2. Allred filed a personal injury action in Union County against the Mississippi Department of Transportation, Delta State University, and Yarborough. The Mississippi Institutions of Higher Learning, Yarborough and the insurer, Reliance Insurance Company, instigated an interpleader and declaratory judgment proceeding against Cliff Colbert Chevrolet, Medlin, Windham and Allred in Hinds County. This action sought a declaration of the rights of the parties under the Mississippi Tort Claims Act, Miss. Code Ann. § § 11-46-1 to -23 (Rev. 2002), and an insurance policy issued by Reliance to the Mississippi Institutions of Higher Learning and interpled $50,000.00 into the registry of the court. Reliance Insurance Company issued to the Mississippi Institutions of Higher Learning a commercial insurance policy in effect September 1, 1996, through September 1, 1997, with Delta State University as one of its named insureds. In accordance with statutorily mandated limits found in Miss. Code Ann. § 11-46-15, the policy limited the amount which Reliance would pay for any one accident or loss occurring in the State of Mississippi to $50,000.00

¶3. After the transfer of the Hinds County action to the Union County Circuit Court, the Union County action and the Hinds County action were consolidated. On August 23, 2000, the Union County Circuit Court entered a Joint Memorandum Opinion and Order and Final Judgment granting summary judgment on behalf of the Mississippi Institutions of Higher Learning, Delta State, Yarborough, and Reliance Insurance Company declaring that the maximum amount of liability provided in Miss. Code Ann. § 11-46-

2

15 is $50,000.00. The Final Judgment enjoined claimants from further efforts to recover in any way from Reliance, Mississippi Institutions of Higher Learning, Delta State, and Yarborough because $50,000.00 was interpled into the court's registry.

¶4.     Allred appeals, raising the following issue:

> **I.      Whether the trial court erred in holding the Mississippi Tort Claims Act limits recovery to $50,000.00 "per occurrence" and in granting summary judgment.**

## DISCUSSION

¶5.     The circuit court found that Miss. Code Ann. § 11-46-15(1) limits liability to $50,000.00 per occurrence, not per claimant. Allred argues that the circuit court erred in its interpretation of the statute. This Court's standard of review in this case is de novo. ***Cooper v. Crabb***, 587 So.2d 236, 239 (Miss. 1991).

¶6.     Allred asserts § 11-46-15 is ambiguous. Therefore the intent of the Legislature must be ascertained. This Court, "in construing a statute will not impute an unjust or unwise purpose to the legislature when any other reasonable construction can save it from such imputation." ***Baker v. State***, 327 So.2d 288, 291 (Miss. 1976).

> In considering a statute passed by the legislature, . . . the first question a court should decide is whether the statute is ambiguous. If it is not ambiguous, the court should simply apply the statute according to its plain meaning and should not use principles of statutory construction.[citations omitted]. Whether the statute is ambiguous, or not, the ultimate goal of this Court in interpreting a statute is to discern and give effect to the legislative intent.

***City of Natchez  v. Sullivan***, 612 So.2d 1087, 1089 (Miss. 1992).

¶7.     Miss. Code Ann. § 11-46-15(1) provides in part that

> (1) In any claim or suit for damages against a governmental entity or its employee brought under the provisions of this chapter, the liability shall not exceed the following for ***all***

3

*claims arising out of a single occurrence for all damages* permitted under this chapter:

> (a) For claims or causes of action arising form acts or omissions occurring on or after July 1, 1993, but before July 1, 1997, the sum of Fifty Thousand Dollars ($50,000.00).

(emphasis added). This statute repealed the previous "Accident Contingency Fund Act (Miss. Code Ann. §§ 37-41-37, 37-41-39, 37-41-41), which provided in part that

> Compensation on any claim shall be disbursed to such school district, junior college or state agency from the Accident Contingency Fund to cover any accident arising as provided in Section 37-41-37, . . . No claim shall be paid from any fund other than the Accident Contingency Fund.

> No Claim arising from such accident shall exceed the total amount of Ten Thousand Dollars ($10,000) exclusive of court costs for any one (1) person sustaining such injuries or damages, and no more than Fifty Thousand Dollars ($50,000) shall be paid in any one (1) accident. When it appears that claims in more than the amount of Fifty Thousand Dollars($50,000) will be made because of one (1) accident, the chancellor . . . shall prorate said claims as in his opinion are just and equitable.

Allred argues that the Legislature could have, in repealing the Accident Contingency Fund Act, used the same "proration" language. Since it did not, Allred argues that the legislative intent was to provide for recovery of damages by persons sustaining injuries through negligent acts of the state and its employees and agents.

¶8. Allred also argues that the Mississippi Legislature surely examined other states' tort claims acts and did not use the more restrictive language found in some other states' statutes. *See, e.g.,* Ala. Code § 11-93-2 (recovery limited to $300,000 in the aggregate where more than two persons have claims); Ga. Code Ann. § 50-21-29 (state's aggregate liability per occurrence shall not exceed $3 million); N.C. Gen. Stat. § 143-299.2(a) (liability limited to $500,000 for all claimants per occurrence); S.C. Code Ann. § 15-78-

4

120(2) (liability limited to $600,000 regardless of the number of agencies or political subdivisions or claims or actions involved).

¶9. Finally, Allred argues that this Court should use the same method of interpretation the Nevada Supreme Court used in *State v. Webster*, 504 P.2d 1316 (Nev. 1972). There, a wife brought an action against the state for her husband's wrongful death and her own personal injuries an auto accident. The statute limited any claimant's recovery to $25,000 in one action. The court found that it did not limit a claimant's recovery to $25,000 regardless of how many actions he or she may have.

¶10. In response to Allred's arguments, the defendants argue that the Legislature clearly intended to establish a per occurrence cap on governmental liability. They also argue that this Court cannot restrict or enlarge the meaning of an unambiguous statute.

¶11. Since briefs were submitted in this case, this Court has had occasion to interpret the liability limitation found in the Mississippi Tort Claims Act in *Prentiss County Board of Education v. Beaumont,* 815 So.2d 1135 (Miss. 2002). There, several people were injured in a auto accident involving a school bus. The school board had an automobile liability insurance policy with aggregate limits of $1,000,000 per occurrence. Several claimants settled their claims for a total of $449,304.47, but Beaumont chose to go to trial where he won a judgment of $800,000. The trial court refused to reduce the judgment to the remainder of the policy limits ($550,695.52). This Court reversed the trial court, finding that Mississippi is a "single occurrence" state and liability per occurrence is limited to a statutory amount or the policy limits for any excess coverage purchased to cover such claims. Since Mississippi is a "single occurrence" state, and given the explicit and unambiguous language of § 11-46-15(1), we must affirm the trial court's decision here.

## CONCLUSION

5

¶12. For these reasons, the circuit court's judgment is affirmed.

¶13. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, J.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶14. I dissent to the majority's finding that Allred is limited to the statutory $50,000.00 recovery under the Mississippi Tort Claims Act. "The longstanding rule in Mississippi is that the insurer for the owner of the vehicle involved in the accident is the primary insurer." *U.S. Fid. & Guar. Co. v. John Deer Ins. Co.*, 830 So.2d 1145, 1148 (Miss. 2002) (citing *State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.*, 797 So.2d 981, 983 (Miss. 2001); *Travelers Indem. Co. v. Chappell*, 246 So.2d 498, 505 (Miss. 1971)). I find that Cliff Colbert Chevrolet had a primary insurance liability policy on the vehicle driven by Yarborough. This policy should be available to satisfy any judgment obtained by Allred, leaving this State's $50,000.00 tort liability cap as a means of secondary recovery to be collected after Cliff Colbert's policy. Therefore, I would reverse and remand for further proceedings. Accordingly, I dissent.

**EASLEY, J., JOINS THIS OPINION.**

6