834 So.2d 31 (2003)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
JUSTICE COURT JUDGE S.S.
No. 2002-JP-01126-SCT.
Supreme Court of Mississippi.
January 2, 2003.
*32 Luther T. Brantley, III, Patricia Hancock, attorneys for appellant.
Azki Shah, attorney for appellee.
EN BANC.
EASLEY, J., for the Court.

PROCEDURAL HISTORY
¶ 1. On August 15, 2001, the Mississippi Commission of Judicial Performance ("Commission") filed a formal complaint against Justice Court Judge S.S. (Judge), alleging judicial misconduct in violation of Article 6, § 177A Mississippi Constitution of 1890, as amended. The Judge filed an answer to the formal complaint on September 18, 2001.
¶ 2. The Commission's Finding of Facts and Recommendation was filed with this Court on July 12, 2002. Specifically, the Commission found that the Judge's conduct violated Canons 1, 2A, 2B, 3A(1), and 4 of the Code of Judicial Conduct of Mississippi Judges. The Commission failed to find any proof that the Judge violated Canon 3C(1). Furthermore, the Commission found that proof presented that the Judge violated Canons 5A, 5B and 7A(4) did not rise to the level of proof of a political violation by clear and convincing proof. The Commission found that the Judge's behavior constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Section 177A of the Mississippi Constitution of 1890, as amended. The Commission recommended to the Court that the Judge be publicly reprimanded and assessed the costs of this proceeding in the amount of $718.40.

FACTS
¶ 3. The Facts and Recommendation adopted by the Commission were submitted to this Court. The Judge admitted that he was a member of a county concerned citizens association. As a member of the association, the Judge participated in writing a petition and getting the petition typed. The Judge's participation in drafting the petition was not done in his official capacity as justice court judge. The petition requested the removal of a Deputy Sheriff from the County Sheriff's *33 Office citing (1) disrespect to the black community, (2) violation of civil rights of black citizens, and (3) little or no law enforcement training. The Judge denied any involvement in signing or circulating the petition. The petition was prepared some time after the Deputy had stopped the Judge for speeding and requested a field sobriety test. The Judge also had complained to the highway patrol of the conduct of the highway patrolman who stopped him with the Deputy.
¶ 4. Between the time the Judge helped formulate the petition and the complaint being filed against the Judge, the Judge heard cases that involved the Deputy. The Judge testified that he heard three cases that had the Deputy's name listed as the law enforcement officer. The Judge testified that he considered that once a law enforcement officer made a complaint, the law enforcement officer was only a witness.
¶ 5. One of the three cases was bound over to the grand jury, and one was a DUI where the person pled guilty by an agreement between the defendant's attorney and the Deputy and was assessed a fine. The Judge testified that in each case that the Deputy was an affiant, an agreement was presented to the court between the prosecutor and the defense. The Judge agrees that his conduct was an effort to improve law enforcement in the County and did not amount to willful misconduct of office. The Deputy testified that he had not been adversely affected by the petition. The Deputy also stated that he was not aware of the petition ever being presented to his boss, the Sheriff.
¶ 6. The Commission found that the Judge violated Canons 1, 2A, 2B, 3B(1) and 4, as follows:
Canon 1 was violated by Judge S.S.'s failure to uphold the integrity and independence of his office (judiciary) by participating in a petition procedure against an officer who regularly presented cases in his court and "cautioning" the sheriff of his county with said petition.
Canon 2 was violated when Judge S.S. became publicly involved with the public, while a judicial officer, in petitioning the general public against a law officer, both deputy and sheriff, which put the integrity and impartiality of the judiciary in question.
Canon 2B was violated by allowing his actions and relationship with others to influence his conduct and judgment.
Canon 3B(1) was violated by Judge S.S.'s failure to disqualify himself on subsequent cases brought by the Deputy which followed the drafting of the "petition."
Canon 4 was violated when his extra-judicial activities did cast a reasonable doubt on the judge's capacity to act impartially as a judge and did interfere with the proper performance of his duties.
¶ 7. The Commission failed to find any proof that the Judge's motive arose out of the traffic stop. Therefore, the Commission found no violation of Canon 3C(1). The Commission found that proof of any violation of Canon 5A, 5B and 7A(4) did not prove a political violation by clear and convincing proof. The Commission determined that the Judge's conduct constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute as defined by this Court. The Commission recommended that this Court publicly reprimand the Judge with no fine assessed and the assessment of all costs herein. The costs associated with this inquiry are $718.40.

*34 STANDARD OF REVIEW

¶ 8. The standard of review for judicial misconduct proceedings is de novo. Miss. Comm'n on Judicial Performance v. Boykin, 763 So.2d 872, 874 (Miss.2000) (citing Miss. Comm'n on Judicial Performance v. Gunn, 614 So.2d 387, 389 (Miss. 1993)). The Commission's findings, based on clear and convincing evidence, are given "great deference." Id. This Court however, is obligated to conduct an independent inquiry. Miss. Comm'n on Judicial Performance v. Neal, 774 So.2d 414, 416 (Miss.2000). Even though the Commission's findings are considered, this Court is not bound by the findings and additional sanctions may be imposed. Miss. Comm'n on Judicial Performance v. Whitten, 687 So.2d 744, 746 (Miss.1997).

DISCUSSION
I. WHETHER THE JUDGE'S CONDUCT CONSTITUTES WILLFUL MISCONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION.
¶ 9. In judicial performance proceedings, this Court determines whether the conduct of a judge constitutes willful misconduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Article 6, § 177A of the Mississippi Constitution of 1890, as amended.
¶ 10. This Court has held:
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith....
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.
Whitten, 687 So.2d at 747 (quoting In re Quick, 553 So.2d 522, 524 (Miss.1989)) (emphasis in original).
¶ 11. The Commission determined by clear and convincing evidence that the Judge violated Canons 1, 2A, 2B, 3B(1) and 4 of the Code of Judicial Conduct of Mississippi Judges. In the case sub judice, the Judge participated in drafting a petition against a law officer while serving as a judicial officer and continuing to preside on cases involving the Deputy without disqualifying himself. "Whether this behavior was actually willful is of no consequence." As this Court has held:
While the conduct of Respondent, in our opinion, amounted to willful misconduct in office and conduct prejudicial to the administration of justice, bringing the judicial office into disrepute, we recognize as quoted in In re Anderson, supra, that a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to *35 bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions.
Boykin, 763 So.2d at 875 (quoting In re Anderson, 451 So.2d 232, 234 (Miss.1984)).
¶ 12. This Court finds that while the Judge's involvement in drafting the petition against the Deputy was not performed in his official capacity as justice court judge, Judge S.S.'s conduct does constitute willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute. Accordingly, the Commission's findings, as to the willfulness of the conduct before this Court, are correct, upheld, and adopted.
II. WHETHER THE JUDGE SHOULD BE PUBLICLY REPRIMANDED AND ASSESSED ALL COSTS AS RECOMMENDED BY THE COMMISSION.
¶ 13. The Commission's recommendation determined that the Judge should be publicly reprimanded and assessed all costs associated with this proceeding in the amount of $718.40. However, imposing sanctions is left solely to the discretion of this Court. Miss. Comm'n on Judicial Performance v. Jones, 735 So.2d 385, 389 (Miss.1999). The sanction, however, ought to fit the offense at issue. Boykin, 763 So.2d at 876.
¶ 14. In determining the appropriate sanction for each case before this Court mitigating factors are reviewed pursuant to this Court's holding in In re Baker, 535 So.2d 47 (Miss.1988). In determining whether a reprimand should be public, this Court considers mitigating factors which weigh in favor of confidential, private action. Miss. Comm'n on Judicial Performance v. Walker, 565 So.2d 1117, 1125 (Miss.1990). The factors from In re Baker, Walker, 565 So.2d at 1125 (citing In re Baker, 535 So.2d at 54), along with the evidence from the case sub judice, are:
(1) The length and character of the judge's public service.
(2) Positive contributions made by the judge to the courts and the community.
(3) The lack of prior judicial precedent on the incident in issue.
(4) Commitment to fairness and innovative procedural form on the part of the judge.
(5) The magnitude of the offense.
(6) The number of persons affected.
(7) Whether "moral turpitude" was involved.
¶ 15. At the time of the hearing before the Commission, the Judge had served as a justice court judge approximately ten years and four months. There is no record of any prior judicial complaints against the Judge. The Judge's position was that he thought he was serving to improve the quality of the county law enforcement. The Judge did not preside on any case involving the Deputy after drafting the petition that was not presented to the court as an agreement between the defense and the prosecution. The Deputy testified that he received no adverse effect from the Judge's actions. The Judge acknowledged that in hindsight he made a unwise decision.
¶ 16. The Judge testified that he was concerned that the Deputy was not living up to the standards required for his position. The Judge testified that the Deputy seemed to have a problem with the amount of bonds that were set and some of the rules, regulations and laws that he had to follow. The Judge testified he had talked to Minimum Standards, the Sheriff, and *36 the board of supervisors about the Deputy in the past with no results. The Judge testified that he told the Sheriff that since the Deputy seemed to have a problem with him that the Sheriff should transfer the Deputy to another side of the county to limit the number of cases that came before him.
¶ 17. Moral turpitude was not involved in the case before this Court. There was no proof that the Judge's actions were motivated by his traffic stop by the Deputy. No negative outcome to any case or the Deputy's career was established as a result of the conduct of the Judge.
¶ 18. Based on the assessments of all the factors involved in this case, we find that a private reprimand rather than a public reprimand is a sufficient sanction in this case. See Miss. Comm'n on Judicial Performance v. A Municipal Court Judge, 755 So.2d 1062, 1063-65 (Miss.2000); Miss. Comm'n on Judicial Performance v. Justice Court Judge R.R., 732 So.2d 224 (Miss.1999).

CONCLUSION
¶ 19. In conclusion, we find that the conduct of Justice Court Judge S.S. constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Article 6, § 177A of the Mississippi Constitution of 1890, as amended. Justice Court Judge S.S. shall be privately reprimanded and assessed court costs in the amount of $718.40.
¶ 20. JUSTICE COURT JUDGE S.S. SHALL BE PRIVATELY REPRIMANDED AND IS ASSESSED COSTS OF $718.40.
McRAE, P.J., WALLER, DIAZ AND GRAVES, JJ., CONCUR. SMITH, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, C.J., AND COBB, J. CARLSON, J., NOT PARTICIPATING.
SMITH, P.J., Concurring in Part and Dissenting in Part.
¶ 21. I concur with the majority's conclusion that judicial misconduct occurred, but dissent as to the lenient punishment imposed by the majority. I would affirm the recommendation by the Commission of a public reprimand.
PITTMAN, C.J., AND COBB, J., JOINS THIS OPINION.