876 So.2d 324 (2004)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Solomon C. OSBORNE.
No. 2003-JP-00057-SCT.
Supreme Court of Mississippi.
July 1, 2004.
*326 Luther T. Brantley, III, Darlene Ballard, Jackson, attorneys for appellant.
Leonard McClellan, Jackson, attorneys for appellee.
EN BANC.
GRAVES, Justice, for the Court.
¶ 1. This judicial performance case involves the alleged judicial misconduct of Leflore County Court Judge Solomon C. Osborne. On August 8, 2001, Judge Osborne was appointed to fill an unexpired term of County Court Judge for Leflore County. He was later elected to a full term. Judge Osborne admits that between October, 2001 and January, 2002, he filed on behalf of clients five complaints in chancery courts, one complaint in circuit court, and two petitions in bankruptcy court. The state court filings occurred in the following counties: Sunflower, Bolivar, Leflore, and Montgomery. The federal bankruptcy petitions were filed in the United States Bankruptcy Court for the Northern District of Mississippi.
¶ 2. On January 9, 2003, the Mississippi Commission on Judicial Performance filed a formal complaint against Judge Osborne. The complaint alleged that Judge Osborne continued to practice law after his appointment to the bench, thereby violating Miss.Code Ann. §§ 9-1-25 and 9-9-9, as well as Canons 1, 2A, 2B, 3A and 4G of the Mississippi Code of Judicial Conduct. The complaint also asserted that Judge Osborne's conduct constituted willful misconduct and conduct prejudicial to the administration of justice in violation of Miss. Const. art 6, § 177A. The Commission filed a petition for interim suspension, and this Court granted the petition.
¶ 3. The Commission's attorney urged the Commission to remove Judge Osborne from office. After a hearing, the Commission rendered its Findings of Facts, Analysis and Recommendations and found that Judge Osborne's conduct did not warrant the harsh sanction of removal from office. Specifically, the Commission recommended that this Court take the following actions in this matter: publicly reprimand Judge Osborne, rescind his temporary suspension, reinstate him to office, and order him to pay costs of the proceeding. This Court agrees with and adopts the Commission's findings and recommendations.

STANDARD OF REVIEW
¶ 4. This Court reviews disciplinary matters de novo. Miss. Comm'n on Judicial Performance v. Teel, 863 So.2d 973, 975 (Miss.2004). While it is true that this Court is the trier of fact in judicial misconduct proceedings and may impose additional sanctions, it nonetheless gives great weight to the findings of the Commission which has had the opportunity to observe the demeanor of the witnesses. In re Garner, 466 So.2d 884, 885 (Miss.1985).

DISCUSSION

I. Whether Judge Osborne's conduct constitutes "practicing law" as prohibited by Mississippi Code Annotated, Sections 9-1-25 and 9-9-9.
¶ 5. Miss.Code Ann. § 9-1-25 states in pertinent part:
It shall not be lawful for any judge of the Supreme Court, Court of Appeals or a judge of the circuit court, or a chancellor to exercise the profession or employment of an attorney or counselor at law, *327 or to be engaged in the practice of laws; and any person offending against this prohibition shall be guilty of a high misdemeanor and be removed from office; but this shall not prohibit a chancellor or circuit judge or a judge of the Court of Appeals from practicing in any of the courts for a period of six (6) months from the time such judges or chancellors assume office so far as to enable them to bring a conclusion to cases actually pending when they were appointed or elected in which such chancellor or judge was then employed.

(emphasis added). Miss.Code Ann. § 9-9-9 (Rev.2002) extends the prohibition against practicing law to county judges in stating:
The county judge shall not practice law in any of the courts of the county wherein he holds court, but this prohibition shall not prohibit the judges of the county courts from practicing in any of the courts so far as to enable them to bring to a conclusion cases actually pending when they were appointed or elected, in which such county judges were then employed as provided in section 9-1-25, Mississippi Code of 1972, for judges of the circuit court and chancellors.
A county court judge is allowed six months to bring his practice to a conclusion. See id. § 9-1-25.
¶ 6. As the Commission correctly notes, this Court has never interpreted Miss.Code Ann. § 9-9-9 pertaining to the "winding down" period in which judges are allowed six months from the time they assume office to bring a conclusion to cases actually pending when they were appointed or elected. The Commission argues that the term "cases actually pending" is intended to reflect a matter in which a pleading has been filed before the Court and for which no final determination has yet been made. The Commission further avers that the language of Miss.Code Ann. § 9-1-25 sufficiently and clearly defines what members of the bench are permitted to do to conclude their law practice within the permissible statutory period either by resolution of the matter via negotiation, submission of a final order, or by withdrawal of counsel.
¶ 7. In the case at bar, Judge Osborne filed new actions, either complaints or petitions, within the six month "winding down" period. Judge Osborne claims that he relied on the language of Miss.Code Ann. § 9-9-9, and the term "pending cases" is not limited to cases pending in court. Rather, pending cases could also mean cases awaiting conclusion in a lawyer's office. While it is true that the term "pending cases" is somewhat ambiguous, it is clear that filing new actions in no way constitutes concluding cases actually pending. This Court finds that the actions of filing new complaints or petitions by Judge Osborne constitutes "practicing law" under § 9-1-25.

II. Whether Judge Osborne's conduct constituted conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
¶ 8. Pursuant to the Mississippi Constitution, the Court may "remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for ... conduct prejudicial to the administration of justice which brings the judicial office into disrepute." Miss. Const. art. 6, § 177A. As the Court has stated, the conduct need not be in bad faith-rather, it may be the result of negligence or ignorance. Miss. Comm'n on Judicial Performance v. Justice Court Judge S.S., 834 So.2d 31, 34-35 (Miss.) That is, the Court has held:
While the conduct of Respondent, in our opinion, amounted to willful misconduct *328 in office and conduct prejudicial to the administration of justice, bringing the judicial office into disrepute, we recognize ... that a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions.
Id. (quoting Miss. Comm'n on Judicial Performance v. Boykin, 763 So.2d 872, 875 (Miss.2000)) (internal citations omitted).
¶ 9. While the Commission's counsel argued that Judge Osborne's conduct constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, the Commission found only that it amounted to prejudicial conduct. This Court agrees with the Commission's findings that Judge Osborne's conduct only amounted to prejudicial conduct and not willful conduct which brings the judicial office into disrepute. Judge Osborne did not willfully abuse the privilege of his office in filing the new complaints. He simply misinterpreted the statute allowing a judge six months to wind down his practice. However, as this Court has previously held, regardless of whether a judge's misconduct arises from bad faith or ignorance, sanctions must be imposed.

III. Whether Judge Osborne's conduct warrants removal from office.
¶ 10. Under this Court's established jurisprudence, in a judicial misconduct proceeding, "[t]he sanction imposed should be consistent with other like cases." Miss. Comm'n on Judicial Performance v. Willard, 788 So.2d 736, 745 (Miss.2001). The sanction should also fit the offense. Miss. Comm'n on Judicial Performance v. Warren, 791 So.2d 194, 197 (Miss.2001).
¶ 11. The Commission's attorney suggests that because Judge Osborne filed eight complaints during the six months after he was elected to office, removal from office somehow "fits the offense." We disagree. Removal is an extreme and draconian measure, and does this sanction fit this offense. This sanction should only be employed as a last resort.
¶ 12. In Mississippi Comm'n on Judicial Performance v. Jenkins, 725 So.2d 162, 169 (Miss 1998), this Court defined willful misconduct in office as:
the improper or wrongful use of power in his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of he office, what ever motive.
The Commission found that Judge Osborne's actions did not rise to the level of willful misconduct which would result in removal from the bench. Specifically, the Commission found that:
§ 9-9-9 does not address the penalty phase as found in § 9-1-25. More specifically, the statute does not provide for the removal of office as a violation of penalty. Judge Osborne should be governed under § 9-9-9 and as such, removal from office should not be the only option.

The Commission further commented on the legislative intent of § 9-9-9 in stating:

Surely the legislature could not have intended § 9-9-9 of the Mississippi Code Annotated to yield such harsh results in the absence of any aggravating circumstances. ... Having considered *329 that [Judge Osborne] has not been subject to any prior disciplinary proceedings before this Body, the Mississippi Commission on Judicial Performance Panel recommends to the Mississippi Supreme Court that Judge Solomon Osborne be:
1. Publicly Reprimanded;
2. Temporary Suspension to be Rescinded and Judge Osborne Reinstated into Office; and
3. Assessed the Costs of this Proceeding.
(emphasis added).
¶ 13. Judge Osborne relied on the language of Miss.Code Ann. § 9-9-9 when he filed the complaints in the six months after he was appointed to office. Judge Osborne claims that he relied on this language, and in his view, the term "pending cases" is not limited to cases pending in court. Rather, pending cases could also mean cases awaiting conclusion in a lawyer's office. Because of the ambiguity of the statute's language Judge Osborne acted out of ignorance or misinterpretation of the statute. This does not constitute "willful misconduct" that warrants removal from office.
¶ 14. Furthermore, the record reveals that Judge Osborne did, in fact, attempt to "wind down" his practice. Judge Osborne informed all of his clients by letter that he would no longer be able to represent them due to his appointment as a County Court Judge and advised his clients to retain new counsel in order to complete their case. These actions further demonstrate that Judge Osborne did not file the complaints in bad faith or in an attempt to abuse his power of his judicial office. He took affirmative steps to properly inform his clients that he would not be able to continue his representation in their case. Therefore, this Court finds that Judge Osborne's actions were not willful and do not warrant removal from office.
¶ 15. This is a case of first impression, and as such there are no other "like cases" to the case at bar where removal from office is a suggested sanction for this type of offense. The only other "like cases" where a judge is removed from office involves criminal conduct or an extreme and obvious case of abuse of the power of the judicial office. Here, Judge Osborne filed complaints in the six months after he was appointed to office. This is a far cry from felony criminal conduct or an abuse of power of the judicial office.
¶ 16. In Mississippi Comm'n on Judicial Performance v. Willard, 788 So.2d at 745, where this Court held that "the sanction imposed should be consistent with other like cases," Judge Willard was removed from office because during a two  year period there were 31 counts of alleged misconduct against him. The allegations included improperly accepting payment or partial payment of fines payable to the justice court, improperly dismissing a DUI charge on his own motion, improperly engaging in ex parte communications and improperly dismissing traffic citations for four defendants who did not appear in court, improperly utilizing a criminal process to collect a civil debt, improperly issuing an arrest warrant for someone who did not actual owe any fines, inter alia. Clearly, Judge Osborne's actions are not comparable to the actions in the aforementioned case and do not warrant a removal from office.
¶ 17. In Mississippi Comm'n on Judicial Performance v. Warren, where this Court held that the "sanction should fit the offense," it was ruled that the judge's conduct of engaging in ex parte communications and dismissing speeding tickets based on those communications without notice to the ticketing officer and without a *330 hearing constituted willful misconduct in office and conduct prejudicial to the administration of justice. The appropriate sanction in that case was a public reprimand, along with a fine of $765. Warren is a case where the judge clearly abused his judicial office, and this Court held that the proper sanction to fit this offense is a public reprimand and a fine. Here, Judge Osborne was not abusing the power of the judicial office. He was merely following his interpretation of the statute. Both of the judge's sanctions in the aforementioned cases are based on judicial conduct that is far more egregious than Judge Osborne's conduct in the present case. As such, Judge Osborne should not be removed from office.

CONCLUSION
¶ 18. We adopt the Commission's findings and recommendations.
¶ 19. LEFLORE COUNTY COURT JUDGE SOLOMON C. OSBORNE SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE AT THE NEXT TERM OF THE LEFLORE COUNTY CIRCUIT COURT. THE INTERIM SUSPENSION OF JUDGE OSBORNE IS LIFTED, AND JUDGE OSBORNE IS REINSTATED, EFFECTIVE JULY 1, 2004. JUDGE OSBORNE IS TAXED WITH THE COSTS OF THIS PROCEEDING IN THE AMOUNT OF $1,150.06.
WALLER, P.J., AND EASLEY, J., CONCUR. COBB, P.J. CONCURS IN RESULT ONLY. DICKINSON, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY WALLER AND COBB, P.JJ.; EASLEY AND RANDOLPH, JJ., JOIN IN PART. SMITH, C.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY CARLSON AND RANDOLPH, JJ. DIAZ, J., NOT PARTICIPATING.
DICKINSON, Justice, Specially Concurring:
¶ 20. In my view, Justice Graves has said all that is necessary concerning this matter, except that he does not comment on the constitutionality of Miss.Code Ann. § 9-1-25. I am compelled to do so.
¶ 21. This case provides an example of the confusion and difficulty which result when one branch of our state government infringes upon the obligations and powers of another. Our executive, legislative and judicial branches have no source of power, other than that granted by our state Constitution. Article 6, Section 144, provides, "The judicial power of the state shall be vested in a Supreme Court...."
¶ 22. This clear grant of power over the judiciary to the Supreme Court has few exceptions, all of which are provided within the Constitution, itself. Any exception originating from any other source would, on its face, be invalid and unconstitutional.
¶ 23. Examples of some of the constitutional exceptions to the Supreme Court's responsibility for, and power over, the judiciary, include the following:
1. Article 6, Section 149, sets the term of office for a Supreme Court Justice at eight years, but specifically grants to the legislature the power and obligation to determine the dates on which those eight-year terms begin and end;
2. Article 6, Section 152, grants to the legislature the power and obligation to divide the state into circuit court, and chancery court, districts, and to establish criteria by which the number of judges in those districts are determined;

*331 3. Article 6, Section 163, grants to the legislature the obligation to provide for the due certification of cases transferred to or from chancery court or circuit court.

Section 9-1-25.
¶ 24. Section 9-1-25 makes it "unlawful" and a "high misdemeanor" for a judge to practice law. I have difficulty in the first instance determining the category of the statute. Is it a criminal statute? (it includes the terms, "unlawful" and "high misdemeanor"); Is it a disciplinary statute? (it certainly provides for discipline of the lawyer/judge); Is it a qualification/disqualification statute? (the judge is qualified if he or she doesn't violate the statute, and disqualified if he or she does).

Is it a Criminal Statute?
¶ 25. If the statute is criminal, then Judge Osborne can certainly not be disciplined absent conviction of the criminal offense. There has been no charge, arrest, indictment, prosecution or trial of a criminal offense. And even if each of these had occurred, the legislature clearly cannot make unlawful the actions of a lawyer or judge which are exercised pursuant to power conferred upon another branch of government. If it had such power, then the legislature would have the ability, for instance, to make it "unlawful" and a "high misdemeanor" for the Governor to serve in office after obtaining a divorce. The legislature obviously has no such power or ability. Nowhere does the Constitution grant to the legislature the power to set forth the terms upon which the Governor or a judge may serve, or be removed from office. Such power cannot be created indirectly by use of the legitimate legislative power to determine substantive criminal offenses.

Is it a Disciplinary Statute?
¶ 26. The statute certainly seems to provide for the discipline of Judge Osborne, since it states that, if Judge Osborne practiced law past the statute's six-month "grace period," he shall be removed from office  the most severe discipline a judge can receive for misconduct.
¶ 27. Lawyers are disciplined pursuant to the Rules of Discipline for the State Bar. Rule 1., thereunder, provides, "The Supreme Court of Mississippi has exclusive and inherent jurisdiction of matters pertaining to attorney discipline...." Furthermore, Miss.Code Ann. § 73-3-301 provides that attorneys practicing in this state "are subject to the exclusive and inherent disciplinary jurisdiction of the supreme court of Mississippi...."
¶ 28. Judges are disciplined pursuant to Article 6, Section 177A of the Mississippi Constitution, which provides that, "upon recommendation of the commission on judicial performance, the supreme court may remove from office, suspend, fine, or publicly censure or reprimand any justice or judge...." Furthermore, the imposition of sanctions for judicial misconduct is a matter left solely to the discretion of the Supreme Court. Mississippi Com'n of Judicial Performance v. Russell, 691 So.2d 929 (Miss.1997). Contrary to this Court's holding in Russell, and contrary to the Constitution, Section 9-1-25 mandates removal from office.[1] There is no discretion for this Court to exercise. Thus, the statute cannot be a statute of discipline.

Is it a Qualification or Disqualification Statute?
¶ 29. There is no claim here that, when he took office, Judge Osborne was not *332 qualified. Therefore, his qualifications do not seem to be in issue. However, the statute seems to provide that, for its violation, the judge became unqualified. Article 6, Section 165 of our Constitution provides for disqualification of judges. There are no provisions found therein, or anywhere else, which confer upon the legislature the power to add to the Constitutional provision any matters which would serve to disqualify a judge.
¶ 30. There are no other categories. Upon careful reflection, I can reach no other conclusion but that the statute addresses matters which are within the exclusive jurisdiction of the Supreme Court. For this reason, I respectfully concur in part, and in the result of the majority opinion.
WALLER AND COBB, P.JJ., JOIN THIS OPINION. EASLEY AND RANDOLPH, JJ., JOIN IN PART.
SMITH, Chief Justice, Concurring in Part and Dissenting in Part:
¶ 31. Because I conclude that Judge Solomon C. Osborne's conduct at issue was willful and prejudicial to the administration of justice and the sole sanction is his removal from office, I respectfully concur in part and dissent in part.

I. Prohibition on the practice of law
¶ 32. As the majority correctly notes, this Court reviews disciplinary matters de novo. Miss. Comm'n On Judicial Performance v. Teel, 863 So.2d 973, 975 (Miss.2004). However, the Court is not bound by the factual findings and recommendations of the Commission. Id. That is, we may impose additional sanctions. Id.
¶ 33. Miss.Code Ann. § 9-9-9 (Rev.2002) states as follows:
The county judge shall not practice law in any of the courts of the county wherein he holds court, but this prohibition shall not prohibit the judges of the county courts from practicing in any of the courts so far as to enable them to bring to a conclusion cases actually pending when they were appointed or elected, in which such county judges were then employed as provided in section 9-1-25, Mississippi Code of 1972, for judges of the circuit court and chancellors.
(emphasis added). A county court judge is allowed six months to bring his practice to a conclusion. See id. § 9-1-25.
¶ 34. I agree with the majority that Judge Osborne has engaged in the practice of law after appointment as county judge. In my opinion, he is in violation of Miss.Code Ann. §§ 9-1-25 and 9-9-9, as well as Canons 1, 2A, 2B, 3A and 4G of the Mississippi Code of Judicial Conduct. His conduct constituted willful misconduct and conduct prejudicial to the administration of justice in violation of Miss. Const. art 6, § 177A. However, I disagree with the majority as to the appropriate sanction for Judge Osborne.
¶ 35. As the Commission and majority point out, this Court has never interpreted Section 9-9-9. The first determination in construing a statute is whether it is ambiguous. Allred v. Yarborough, 843 So.2d 727, 729 (Miss.2003) (quoting City of Natchez v. Sullivan, 612 So.2d 1087, 1089 (Miss.1992)). This Court, "[w]hen called upon to apply statutes to specific factual situations, ... appl[ies] the statutes literally according to their plain meaning, and there is no occasion to resort to rules of statutory interpretation where the language used by the legislature is plain, unambiguous and conveys a clear and definite meaning." Davis v. Pub. Employees' Ret. Sys., 750 So.2d 1225, 1233 (Miss.1999). The Court "will not impute an unjust or unwise purpose to the legislature when *333 any other reasonable construction can save it from such imputation." Allred, 843 So.2d at 728-29. "[T]he ultimate goal of this Court in interpreting a statute is to discern and give effect to the legislative intent," regardless of whether the statute is ambiguous or not. Id. at 729.
¶ 36. Section 9-9-9 is not ambiguous. Under the plain language of the statute, county judges are prohibited from practicing law. The Legislature supplied but one exception to this prohibition  the "winding down" period of six months. Under the ordinary meaning of this statute, the winding down period has two components. First, it applies only to "cases actually pending" when a county judge was appointed or elected. To benefit from this exception, the judge must have first been employed in the case at the time he was elected or appointed and second, the case should have been filed with a court.
¶ 37. I can envision no rational, good faith interpretation of the term, "bring to a conclusion cases actually pending," which would allow the filing of a new complaint. To the contrary, the filing of a complaint begins a case. Rule 3 of the Mississippi Rules of Civil Procedure, provides that "[a] civil action is commenced by filing a complaint with the court." The comment to Rule 3 provides, "The first step in a civil action is the filing of the complaint with the clerk or judge." Thus, Judge Osborne's assertion that he filed complaints to "bring to a conclusion" some of his cases, works to only compound his wrongful conduct.
¶ 38. The plain and ordinary meaning of the phrase "cases actually pending" denotes a controversy or dispute in which a complaint or petition has been filed with a court. This is a reasonable interpretation, and construing this provision in any other way would be to impute an unwise purpose to the Legislature. Until an action is initiated in court by the filing of a complaint or petition, there is no case actually pending. Thus, the cases at issue here were not actually pending until Judge Osborne filed the petitions or complaints after he took judicial office.
¶ 39. Moreover, Judge Osborne does not benefit from the winding down provision. It escapes me how filing complaints or petitions after he was appointed could be deemed winding down Judge Osborne's law practice. To the contrary, after being appointed as a judge, filing a complaint or petition with a court creates a "case actually pending." Thus, logically, it is difficult for me to see how filing petitions and complaints could simultaneously be the beginning of cases and the winding down of Judge Osborne's practice. Judge Osborne should have been initially sending these clients to other counsel rather than filing new litigation. It is little wonder that this issue is one of first impression. The statute and canons are so obvious, apparently, no prior judge has attempted what Judge Osborne has done in filing cases after being appointed to the position of a judge. Again, I must emphasize the clear language of the already cited Miss.Code Ann. Sec. 9-9-9 (Rev.2002) unequivocally states that county judges, during the wind down period, are not prohibited "from practicing in any of the courts so far as to enable them to bring to a conclusion cases actually pending when they were appointed or elected...." (emphasis added). Some might argue that a "case actually pending" is one that a lawyer has in his or her office awaiting resolution. But how could any reasonable person interpret this statute in any way other than "cases actually pending" means "court cases actually pending?"

II. Disrepute of judicial office
¶ 40. Pursuant to the Mississippi Constitution, the Court may "remove from office, *334 suspend, fine or publicly censure or reprimand any justice or judge of this state for ... conduct prejudicial to the administration of justice which brings the judicial office into disrepute." Miss. Const. art. 6, § 177A. As the Court has stated, the conduct need not be in bad faith  rather, it may be the result of negligence or ignorance. Miss. Comm'n on Judicial Performance v. Justice Court Judge S.S., 834 So.2d 31, 34-35 (Miss.2003). That is, the Court has held:
While the conduct of Respondent, in our opinion, amounted to willful misconduct in office and conduct prejudicial to the administration of justice, bringing the judicial office into disrepute, we recognize ... that a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions.
Id. (quoting Miss. Comm'n on Judicial Performance v. Boykin, 763 So.2d 872, 875 (Miss.2000)) (internal citations omitted).
¶ 41. The Commission argues that Judge Osborne's conduct was prejudicial to the administration of justice and that it brings the judicial office into disrepute. Judge Osborne argues generally that he was ethically required to conclude the matters for which his legal services had been retained.
¶ 42. I would find that Judge Osborne clearly committed conduct that was prejudicial to the administration of justice, thereby bringing the judicial office into disrepute. The Legislature has determined that a sitting county court judge shall refrain from practicing law, except to the extent he is concluding his practice within six months of assuming the bench. Judge Osborne repeatedly violated this prohibition, filing new lawsuits and actions after he took office. Such actions most certainly bring the judicial office into disrepute because they create the appearance of impropriety.

III. Propriety of removal
¶ 43. Under this Court's established jurisprudence, in a judicial misconduct proceeding, "[t]he sanction imposed should be consistent with other like cases." Miss. Comm'n on Judicial Performance v. Willard, 788 So.2d 736, 745 (Miss.2001). The sanction should also fit the offense. Miss. Comm'n on Judicial Performance v. Warren, 791 So.2d 194, 197 (Miss.2001).
¶ 44. This is a case of first impression  as such, there are no "like cases" in Mississippi. The Commission's attorneys argued for Judge Osborne's removal. The Commission instead found and recommended to this Court that a public reprimand "fits the offense" Judge Osborne committed and is, therefore, the appropriate penalty. I disagree with the Commission and instead agree with the Commission's attorneys.
¶ 45. Despite the fact that we have no judicial authority to guide our disposition of this matter, the most important form of governmental proclamation, made by elected legislative representatives of the People, mandates the appropriate path in this case: Judge Osborne must be removed from office. It is true that this Court is the trier of fact in judicial misconduct cases and reviews de novo the Commission's recommendations. But here, the Legislature has mandated that we remove Judge Osborne from office. As the majority freely admits, we must read Sections 9-9-9 and 9-1-25 together in this case. The majority determines that, based on Section 9-1-25, Judge Osborne had six months to wind down his practice. Thus, the majority *335 relies on Section 9-1-25 for the duration of the allowable winding down period. However, in the next breath, the majority refers to removal from office as "an extreme and draconian measure," a measure which "in no way ... fit[s] this offense." But the Legislature stated in Section 9-1-25 that "any person offending against this prohibition shall be guilty of a high misdemeanor and be removed from office." (emphasis added). Whether this is a draconian measure or not, it is the law, and we are not in a position to ignore it.
¶ 46. It is not the province of this Court to amend or enact legislation. Absent some finding of constitutional infirmity, the Court is bound to apply statutes as they are written. Separation of powers is a fundamental and core principle in our form of government. Concluding that Judge Osborne should be sanctioned in any manner less severe than removal from office would be an usurpation of our esteemed Legislature's power. As we are all aware, this Court applies and interprets the laws that the Legislature sees fit to pass and the Governor chooses to sign  the Court does not, however, write the laws of this State. Moreover, the Court does not pass on the wisdom of duly-enacted statutes  it simply applies and interprets those laws. Further, the Court does not usurp, seize or otherwise assume the power of either coequal branch of our State government  rather, the Court cooperates with them to ensure that justice will prevail in each and every case that is tried in the State of Mississippi. Justice is best served by the fair, even-handed application of statutes in the form that the Legislature wrote them. The Legislature has set the punishment for county judges that violate Section 9-9-9, and the Court is bound to apply that sanction.
¶ 47. When one considers the similarities between the county, circuit, and chancery courts, it is a bit surprising that the majority treats county courts differently in the context of Section 9-1-25. Judges of these courts are all elected by the People to four-year terms. See Miss.Code Ann. §§ 9-7-1, & -5-1 (Rev.2002). They must be practicing lawyers for five years, at least twenty-six years old, and citizens of this State for at least five years. Miss. Const. art. 6, § 154; Miss.Code Ann. § 9-9-5 (Rev.2002). Chancellors, as well as county and circuit court judges, are members of the Conference of Mississippi Judges[2]. As I have already noted, Miss.Code Ann. § 9-1-25 applies to county, circuit, and chancery court judges. It provides a six-month winding down period after a judge takes the bench. If he or she violates that provision, the statute mandates removal from office.
¶ 48. Section 9-1-25 clearly applies to each of these courts. But the majority, in complete conflict with separation of powers and elementary statutory construction principles, chooses to read out the legislatively mandated sanction applicable to a county judge for violating Section 9-9-9. There could be very little argument that Judge Osborne could not avoid removal for his actions if he were a circuit or chancery court judge. Such an argument strains credibility. The question becomes, then, why does the majority treat a county court judge differently? I can discern no statutory, precedential, or public policy basis that supports the majority's obvious preferential treatment in non-removal of a county court judge in this context.
*336 ¶ 49. In the case of In re Collins, 524 So.2d 553, 554 (Miss.1987), a county court judge conducted hearings "off the record," used county inmate labor for personal purposes, concealed a DUI conviction and fined certain defendants in excess of statutory maximums. Id. at 557. Five members of the Commission recommended a public reprimand, but one member dissented and recommended removal. Id. This Court removed Collins. I find that Judge Osborne's conduct of practicing law while a county court judge is more serious than the violations in Collins. I also note that Judge Osborne repeatedly violated this prohibition and clearly developed a pattern of conduct in continuing to file new cases in state and federal court, and continued to receive pleadings and correspondence on behalf of clients after becoming a county judge. Collins had at least one prior informal appearance before the Commission. Id. at 553-54. Here, although Judge Osborne has no prior Commission appearances, (he could not as he was not a member of the judiciary until this appointment), he has at least one prior Mississippi Bar Complaint Tribunal Cause where he was publicly reprimanded for unethical behavior. See Mississippi Bar Complaint Tribunal Cause No. 96-B-1194. Judge Osborne has not "acknowledged" his wrongdoing here. All Judge Osborne has admitted is that he filed eight cases "winding down" his law practice. He denies any wrongdoing, denies he violated any statute, canon or the Constitution, and denies that he should be sanctioned. In contrast to Judge Osborne, a perfect example of a judge who admitted all allegations, accepted full responsibility and actually joined in the recommended sanctions for such conduct is Judge Darwin Maples.[3] Notwithstanding my analogy of this case with Collins and Maples, at the end of the day, the cold hard fact is that the majority readily acknowledges that Miss.Code Ann. § § 9-9-9 and 9-1-25 must be read in pari materia. I wholeheartedly agree. And when, I read these two statutes together, I come to the conclusion based on the unequivocal and unambiguous language in these two statutes, that if a judge offends these statutes, that judge "shall be guilty of a high misdemeanor and be removed from office." Miss.Code. Ann. § 9-1-25 (Rev.2002) (emphasis added). The majority acknowledges that these statutes have been violated; therefore, the majority's assertion that this Court somehow has discretion in the appropriate sanction once these statutes have been violated is contrary to the clear statutory language. Our course of action should be clear. Like it or not, Judge Osborne must be removed from office.
¶ 50. Therefore, under the general authority of this Court in disciplinary matters, and Miss. Const. Art. 6 § 177A, I would remove Solomon C. Osborne from office as County Judge for Leflore County.
*337 ¶ 51. For these reasons, I respectfully concur in part and dissent in part.
CARLSON AND RANDOLPH, JJ., JOIN THIS OPINION.
NOTES
[1] It is quite interesting to consider that, because of his violation of Miss.Code Ann. 9-1-25, we are visiting a punishment (public reprimand) upon Judge Osborne which the statute does not authorize.
[2] Supreme Court Justices and Court of Appeals Judges are also members of this organization, and I have absolutely no doubt that this Court would remove such a judge from office if he or she violated the prohibition on practicing law.
[3] Judge Maples made a full admission in that case. In fact, he admitted all the allegations in the Commission's formal complaint. These allegations included that Maples: released a number of criminal defendants in unusual or irregular manners following the imposition of sentence; entered orders relative to the housing and custody of criminal defendants without notice or authority; ordered that the records of criminal defendants be expunged without notice or authority, and; set aside judgment in bond cases without notice or authority. This Court concluded:

The Respondent submitted his resignation effective July 20, 1991, and resigned his judicial office on that date. In execution of this agreed Statement of Facts and Recommendations, the Respondent agrees that he will not serve in a judicial office, file to run for future judicial office, or file a certificate with the Supreme Court for designation as a senior Judge.
In re Maples, 611So.2d 211, 211 (Miss.1992).