# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-JP-00429-SCT

*MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE*

*v.*

*COUNTY COURT JUDGE MARK H. WATTS*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/12/2021 |
| TRIAL JUDGE: | HON. KENT McDANIEL |
| COURT FROM WHICH APPEALED: | MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE |
| ATTORNEYS FOR PETITIONER | RACHEL L. WILSON |
| | MEAGAN COURTNEY BRITTAIN |
| ATTORNEY FOR RESPONDENT: | MARK H. WATTS (PRO SE) |
| NATURE OF THE CASE: | CIVIL - JUDICIAL PERFORMANCE |
| DISPOSITION: | PUBLIC REPRIMAND - 09/09/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Mississippi's Canons of Judicial Conduct and our statutes bar county court judges from practicing in their county's courts beyond wrapping up a law practice six months after assuming office. *See* Miss. Code of Jud. Conduct Canons 1, 2A, 2B, 3A, 4A, 4G(1); Miss. Code Ann. §§ 9-9-9, 9-1-25 (Rev. 2019). Judge Mark Watts of Jackson County acknowledges that he made appearances or filed motions in nine cases in Jackson County Chancery Court more than six months after assuming office. He joins in the Mississippi Commission on Judicial Performance's motion recommending a public reprimand and a fine

of $2,500. We agree and grant the Commission's recommendation.

## FACTS AND PROCEDURAL HISTORY

¶2. On November 6, 2018, Judge Watts was elected as County Court Judge, Place Two, Jackson County, Mississippi. He took the oath of office on December 21, 2018, and began his term on January 1, 2019. His first six months in office concluded on June 30, 2019.

¶3. On July 1, 2019, he filed a Complaint for Contempt and Modification as counsel in *Shields v. Fountain*, No. 2003-178. Later in July, he appeared as counsel in *In re Estate of Pollard*, No. 2004-0558. The same day, he filed an annual accounting and presented a proposed judgment approving that accounting in *In re Estate of Pollard*. On August 5, 2019, he appeared as counsel in *Robinson v. Robinson*, No. 2017-1123. The next day he appeared as counsel in *In re Estate of Cribbs*, No. 2019-0209. The day after that, he appeared as counsel in *Gallaspy v. Gallaspy*, No. 2013-2175. The next day, August 8, 2019, he appeared as counsel in *Shields v. Fountain*.

¶4. On August 13, 2019, opposing counsel filed a motion to disqualify Judge Watts as counsel in *Jones v. Jones*, No. 2005-2228. Counsel argued Judge Watts should be disqualified because he was a sitting judge. On August 14, 2019, Judge Watts filed an agreed order in *Gallaspy v. Gallaspy*. That same day he filed a motion to continue trial in *Powell v. Seal*, No. 2005-1423.

¶5. On September 3, 2019, Judge Watts appeared as counsel in *Neese v. Neese*, No. 2014-2419. A fortnight later, Judge Watts appeared as counsel in *Cook v. Cook*, No. 2018-607. Finally, on November 4, 2019, Judge Watts filed a motion to withdraw from *Jones v. Jones*.

2

¶6. In a meeting on October 11, 2019, the Commission found probable cause to file a formal complaint regarding Judge Watts's actions. The Commission filed a complaint on November 5, 2019. On February 22, 2021, the Commission and Judge Watts submitted a stipulation of agreed facts. On February 26, 2021, by agreement and in lieu of a formal hearing, the parties convened at the Commission offices before a committee of the Commission for oral arguments on the limited issue of the appropriate sanction. At that time, Judge Watts made statements providing context for each of the agreed facts.

¶7. After hearing the arguments and statements, the committee reconvened and requested that the parties submit proposed findings of fact and conclusions of law simultaneously. The committee received the parties' proposed findings of fact and conclusions of law on March 18, 2021, and no rebuttals were submitted. On March 30, 2021, the committee rendered its findings of fact and conclusions of law, and it recommended a public reprimand and a fine. The Commission adopted the committee's findings of fact, conclusions of law, and recommendation regarding Judge Watts's sanctions on April 9, 2021. Subsequently, the Commission filed its Joint Motion for Approval of Recommendation in this Court on April 21, 2021. Judge Watts has joined all of the Commission's filings before this Court in this matter.

**ANALYSIS**

¶8. "This Court is the 'ultimate decision-maker in judicial performance cases' and 'makes the final determination as to the appropriate action to be taken when a judge has committed willful misconduct or conduct prejudicial to the administration of justice that brings the

3

judicial office into disrepute . . . .'" ***Miss. Comm'n on Jud. Performance v. Bozeman***, 302 So. 3d 1217, 1222 (Miss. 2020) (quoting ***Miss. Comm'n on Jud. Performance v. Skinner***, 119 So. 3d 294, 299 (Miss. 2013)). Judge Watts maintained that he was unaware that his actions violated our judicial canons and our law. He maintains that he did not willing contravene his judicial oath and did not willing prejudice the administration of justice in this State.

¶9.     We note that "actual willfulness is not always required, as a judge's 'negligence or ignorance not amounting to bad faith' can have the same effect of being prejudicial to the administration of justice and bringing the judicial office into disrepute." ***Miss. Comm'n on Jud. Performance v. Fowlkes***, 121 So. 3d 904, 907 (Miss. 2013) (quoting ***Miss. Comm'n on Jud. Performance v. Hartzog***, 32 So. 3d 1188, 1193 (Miss. 2010)). Judges need not be evil or bad to fall short of the standards of conduct enunciated by our canons and our Constitution; ignorance or incompetence can suffice. ***Miss. Comm'n on Jud. Performance v. Harris***, 131 So. 3d 1137, 1142 (Miss. 2013).

¶10.    The Commission found no evidence that Judge Watts had acted in bad faith; it found that Judge Watts's violations resulted from his misinterpretation of the effect of filing motions to continue or withdraw. He acknowledged an awareness of the six-month wind-down period. The Commission further found that in one matter in which he appeared at a contested hearing after the wind-down period, his violations resulted from acts of charity, motivated by a desire to help impecunious clients avoid hiring new counsel and paying legal fees they could not afford. They found Judge Watts's conduct demonstrated error in

4

judgment and an unacceptable lack of diligence. The record is devoid of any evidence that Judge Watts's violations resulted from any intention to satisfy personal desires, such as receiving money or favors, or that he otherwise acted in a manner indicating any improper personal motive. They found no evidence that Judge Watts received any fees for his filings and, in at least one instance, he paid another lawyer the entire fee he had received so that the case could be concluded.

¶11.    His ill-advised attempt to offer aid to clients blinded him to his duty to the law, to other jurists, and to parties opposite. Judge Watts explained:

> I didn't—I didn't try to keep practicing law. That was not my intention. That is not what I was doing. I wasn't trying to make money on the side. I didn't take any new clients. I didn't charge. I didn't even get any money for any of these cases, other than what they paid me maybe way before to handle something. For these appearances, I never even sent a bill. Because I wasn't supposed to be practicing law. Said, well, I'm not going to take any money. I just got to get out. And the only way I knew to do that was file motions to withdraw or continue them until somebody could take over.

Judge Watts's violation of judicial canons and statutes fails to meet the level of conduct and comportment the people of Mississippi demand of their judicial officers. The laws of our state provide:

> [t]he county judge shall not practice law in any of the courts of the county wherein he holds court, but this prohibition shall not prohibit the judges of the county courts from practicing in any of the courts so far as to enable them to bring to a conclusion cases actually pending when they were . . . elected, . . . as provided in Section 9-1-25.

Miss. Code Ann. § 9-9-9. Section 9-1-25 in turn provides six months to "bring to a conclusion cases actually pending when [judges] were appointed or elected . . . ." Miss. Code Ann. § 9-1-25.

5

¶12. New judges receive training from the Mississippi Judicial College. All newly elected judges receive instruction on the Canons of Judicial Conduct and statutory provisions regarding winding down their practice of law.

¶13. Failing to follow these safeguards by casting doubt on the impartiality of proceedings by participating in them after assuming the bench is indicative of "conduct prejudicial to the administration of justice that brings the judicial office into disrepute" in Mississippi. ***Bozeman***, 302 So. 3d at 1222; ***Miss. Comm'n on Jud. Performance v. Osborne***, 876 So. 2d 324, 329–30 (Miss. 2004).

¶14. Judge Watts's failure to abide accordingly requires sanctioning. The Commission found by clear and convincing evidence that Judge Watts violated Mississippi Code Section 9-9-9 by continuing to practice law after the six-month wind-down period and that his violations constituted conduct prejudicial to the administration of justice which brought the judicial office into disrepute. *See* Miss. Cons. art. 6, § 177-A. The Commission further found by clear and convincing evidence that Judge Watts's conduct did not warrant removal from office but that he should be publicly reprimanded and fined $2,500.00. We agree. The six-month wind-up period is an absolute. Any action of any nature on behalf of litigants after that deadline is prohibited. Judge Watts has agreed to the Commission's determination and acknowledged his wrongdoing. This Court thus finds that the Commission's proposed sanctions are appropriate. Judge Watts should be publicly reprimanded and fined.

## CONCLUSION

¶15. We adopt the Commission's findings and recommendations.

6

¶16. **JACKSON COUNTY COURT JUDGE MARK H. WATTS SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE ON THE FIRST DAY OF THE NEXT TERM OF THE JACKSON COUNTY CIRCUIT COURT IN WHICH A JURY VENIRE IS PRESENT FOLLOWING THE ISSUANCE OF THE MANDATE OF THIS COURT, WITH JUDGE WATTS PRESENT. JUDGE WATTS IS FINED $2,500 AND TAXED WITH THE COSTS OF THIS PROCEEDING.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.**